## DiFeliceantonio v. Pecora Corp.

*Eliot Present,* for plaintiffs.
*Kevin J. O'Brien,* for defendant Pecora.
*David C. Noker,* for defendant IPA Systems.
*Robert M. Cavalier,* for defendant Cleaver Brooks.

ROSENBERG, *J.,* February 2, 1996—

PROCEDURAL AND FACTUAL HISTORY

The above captioned matters were instituted by plaintiffs after allegedly suffering injury related to defendants' asbestos related products. These asbestos cases

were consolidated and tried before a jury commencing January 3, 1995. A verdict was entered in favor of defendants. On January 23, 1995 plaintiffs filed a post-trial motion setting forth the following contentions:

"(1) The court erred in instructing the panel of venirepersons that plaintiffs' counsel had given them incorrect information;

"(2) The court erred in denying plaintiffs' challenges for cause;

"(3) The court erred in not admitting evidence of fear of cancer;

"(4) Rebuttal testimony should have been permitted;

"(5) Defendants' argument to the jury regarding the statute of limitations was improper and requires a new trial;

"(6) The court erred in instructing the jury that plaintiffs must suffer from disability in order to recover for an asbestos related injury;

"(7) The court erred in permitting the jury to begin deliberating at 4:50 p.m. on a Friday preceding a three day holiday weekend;

"(8) The verdict in DiFeliceantonio shocks the conscience and requires a new trial."

On a motion for new trial, the evidence must be viewed in the light most favorable to the non-moving party. *Russell v. Monongahela Railway Co.,* 159 F. Supp. 650, 655 (W.D. Pa.), *aff'd,* 262 F.2d 349 (3rd Cir. 1958); *Moyer v. SEPTA,* no. 89-7836 (E.D. Pa. June 17, 1991) (1991 Westlaw 111092). The evidence taken in the light most favorable to defendant the non-moving party is as follows.

## II. CONTENTIONS OF PLAINTIFFS' POST-TRIAL MOTION

### A. *The Court Erred in Instructing the Panel of Venirepersons That Plaintiffs' Counsel Had Given Them Incorrect Information*

During the jury selection process, counsel for the plaintiffs asserted to the jury pool that the evidence would show that plaintiff DiFeliceantonio died from asbestosis causing counsel for the defendant to object and request the court to order a new jury panel.

However, the court refused this request and offered a curative instruction to the existing jury panel explaining to them what issues they were to decide, if selected, and what their job was as prospective jurors, meaning they would be asked to determine whether plaintiffs were exposed to any asbestos related products manufactured and/or supplied by defendants and any damages caused by said exposure. The court's statements were not prejudicial to the plaintiffs and were offered as clarification that any statements made by either party needed to be proven or disproved during the trial.

The Pennsylvania Supreme Court explained that during the voir dire process, counsel should refrain from speaking or acting *in any way which would prejudice the jury in advance of trial against the adverse party. Price v. Yellow Cab Co.,* 443 Pa. 56, 62, 278 A.2d 161, 165 (1971). (emphasis added) Counsel for the plaintiffs' language, specifically, the language referring to plaintiff DiFeliceantonio's death by asbestosis could have been misconstrued by the prospective jurors as resulting from defendants' actions. Therefore the curative instruction offered by the court sought to clear

any preconceived prejudices caused defendants by counsel for the plaintiffs' statement.

## B. *The Court Erred in Denying Plaintiffs' Challenges for Cause*

The scope of the voir dire process rests in the sound discretion of the trial judge and his decisions, even a challenge for cause will not be reversed in the absence of palpable error. *Commonwealth v. Sparrow,* 471 Pa. 490, 501, 370 A.2d 712, 717 (1977); *Commonwealth v. McGrew,* 375 Pa. 518, 526, 100 A.2d 467, 471 (1953). In addition, the test for disqualifying a prospective juror was further expounded by the Supreme Court in *Commonwealth v. Johnson,* 452 Pa. 130, 305 A.2d 5 (1973), when it was stated that the test for disqualification is the juror's ability and willingness to eliminate the influence of his scruples and render a verdict according to the evidence. Moreover, this determination is to be made by the trial judge based upon the juror's awareness and demeanor, but we will not reverse a judge's ruling on a challenge absent a palpable abuse of discretion.

Counsel for plaintiffs contends that because two prospective jurors answered jury questionnaire question 21 in the affirmative that they should have been excluded from selection as jurors in this trial. Question 21 specifically states: "In a civil case, would you have any problem following the court's instruction to award money for damages for things like pain and suffering, loss of life's pleasures, etc., although it is difficult to put a dollar figure on them." Plaintiffs contend that they were prejudiced by the presence of both jurors in the jury box.

However, neither juror expressed the type of demeanor that would alert the court that they would be unable to reach a rational, fair decision based upon

the evidence presented. In fact, one juror stated she "probably could" (N.T. vol. I, 7) follow the court's instructions and the other stated that she "would try." (N.T. vol. I, 9.) Neither juror's demeanor suggested they would act imprudent or partial in making their determination. This being the case it was completely within the sound discretion of this court to deny plaintiffs' challenges for cause with respect to both of these jurors.

## C. *The Court Erred in Not Admitting Evidence of Fear of Cancer*

It is common practice in asbestos litigation to preclude a plaintiff from taking two bites of the apple. A plaintiff asserting a cause of action for asbestos related pleural thickening where he *has not been diagnosed with cancer* cannot until his cancer becomes asymptomatic, bring suit for the fear of future cancer. These types of assertions have consistently been denied. *Giffear v. Johns-Manville Corp.,* 429 Pa. Super. 327, 345, 632 A.2d 880, 889 (1993) (emphasis added); see also, *Ottavio v. Fibreboard Corp.,* 421 Pa. Super. 284, 617 A.2d 1296 (1992).

## D. *Rebuttal Testimony Should Have Been Permitted*

Although an interesting argument, plaintiff Keenan was not prejudiced when the court refused to allow rebuttal testimony during the trial with regard to the videotaped testimony of defendant's medical expert, Morris Swartz, M.D. Plaintiff, *in his brief,* asserted that Dr. Swartz testified that plaintiff told him that his use of asbestos cement was *limited to the years he had worked in air conditioning repair* and he makes reference to the deposition transcript. However, this is not what Dr. Swartz specifically testified (see Swartz

deposition transcript dated January 11, 1995 beginning at p. 31), and further, plaintiff's counsel had ample opportunity on cross-examination to explore the points they wanted to rebut. Moreover, plaintiff himself offered ample testimony to rebut the statements of Dr. Swartz on his direct examination.

### E. *Defendants' Argument to the Jury Regarding the Statute of Limitations Was Improper and Requires a New Trial*

On January 11, 1995 the court denied defendants' statute of limitations argument. (N.T. vol. V, 68.) The next day counsel for defendant, in the presence of the jury, mentioned that a statute of limitations defense may continue to exist with regard to plaintiff, DiFeliceantonio and more would be known following the deposition testimony of plaintiff's treating physician, Dr. Gladstone scheduled for that evening.

After reviewing the deposition of Dr. Gladstone, after hearing argument from all parties and after thoroughly digesting all the law and evidence presented revolving around the statute of limitations issue, this court concluded that this issue was indeed a non-issue, and further cured any prejudice that may have been present by offering a curative charge to the jury, whereby we stated:

"You will remember that the statute of limitations was mentioned by one of the attorneys in connection with the decedent, Mr. DiFeliceantonio, that his suit must be barred, because it wasn't filed within the two-year-period. That was mentioned. That statement is incorrect.

"I have determined that he did file suit within the two-year period, and that you are to consider that case along with the others in your deliberations . . . ."

### F. *The Court Erred in Instructing the Jury That Plaintiffs Must Suffer From Disability in Order to Recover for an Asbestos Related Injury*

Plaintiffs contend the following court charge was error substantial enough to warrant a new trial. The court specifically stated:

"In Pennsylvania in order for an injured person to recover there must be an objective manifestation of physical injury. If you find that the plaintiff has an asbestos related condition but suffers no *disability* because of that condition you may find in favor of the defendants, or you may find for the plaintiff, but not award any damages." (N.T. vol. VII, 217.) (emphasis added)

Plaintiffs rely upon dicta from *Giffear, supra* contending this court erred by offering such an "erroneous instruction" because the law is "disability *or* symptoms."

Although an erroneous instruction may be the basis for new trial it must be shown that the instruction was fundamentally in error and may have been responsible for the wrong verdict. *Nigro v. Remington Arms Co. Inc.,* 432 Pa. Super. 60, 637 A.2d 983 (1993). However, if examined in its entirety this portion of the court's instruction was neither erroneous nor responsible for the defense verdict. Clearly, this court instructed the jury on the job they were to undertake and if the portion of the charge which plaintiffs have problems with is examined further this is obvious.

The court continued to state the following.

"The fact that plaintiffs have been exposed to asbestos is not in and of itself compensable in Pennsylvania. For an injured party to recover, two elements must be present, an objective physical injury, and damages

for which plaintiffs can claim compensation. An injury occurs when an action inflicts a damage, which is physically objective and ascertainable." (N.T. vol. VII, 220.)

In its entirety this portion of this court's charge is neither misleading or confusing, nor prejudicial, but rather clear enough to alert the jury as to the issues they were to decide.

G. *The Court Erred in Permitting the Jury To Begin Deliberating at 4:50 P.M. on a Friday Preceding a Three Day Holiday Weekend*

Plaintiffs contend the court erred in permitting the jury to begin deliberations "at close to 5 p.m. on the Friday before a holiday weekend." Subsequently, "after hearing seven days of testimony and argument in three complicated cases, the jury reached a verdict within an hour." Plaintiffs, in as many words, would have one believe the jury would abandon their sworn duty to return a verdict based upon the evidence it heard and the law as instructed by the court. Parallel this to the "Trial of the Century—The O.J. Simpson Trial"[1] where after over a year of testimony and argument the jury reached a verdict in a little over three hours, and plaintiffs' contention would appear without merit.

Moreover, this court has no control over the amount of time the jury spends deliberating to verdict, and the fact that the jury reached its conclusion within an

---

1. This court is by no means exercising a position with regard to the O.J. Simpson trial, but is merely stating a fact with regard to the amount of time it took that jury to return the verdict.

hour is no indication that it failed to deliberate sufficiently long or to consider the evidence.

## H. *The Verdict in DiFeliceantonio Shocks the Conscience and Requires a New Trial*

Plaintiffs have filed a large number of contentions most of which parrot this same conclusion—the verdict was insufficient.

Plaintiffs contend that because all of decedent's treating physicians diagnosed him with asbestosis as did the pathologist as well as the doctor certifying his death certificate, the fact that the jury returned a verdict in favor of the defendant "shock[s] one's sense of justice."

It is well-known law that it is the province of the trier of fact to pass upon the credibility of the witnesses and the weight to be accorded to the evidence produced. Indeed it is within the discretion of the factfinder to believe all, part or none of the evidence. *Commonwealth v. Tate,* 485 Pa. 180, 182, 401 A.2d 353, 354 (1979).

Plaintiffs' contention ignores the fact that the damage portion of the case which is what plaintiffs are complaining of herein revolves around the testimony of his defense expert, Harry Demopoulos, M.D., a pathologist certified by the American Board of Pathology and the American Board of Surgeons. The jury was free to accept the conclusions of plaintiffs' experts or the conclusions of Dr. Demopoulos.

Obviously, the jury believed Dr. Demopoulos who after a thorough review of plaintiff DiFeliceantonio's medical records testified that the plaintiff:

"A. suffered from a disorder known as multiple recurrent pulmonary infarcts, due to showers, repetitive showers of clots, coming either from the leg veins or from the veins around the prostate. . . .

"Q. Doctor, you have found Mr. DiFeliceantonio suffered from multiple repetitive pulmonary infarction?

"A. Yes.

"Q. Do you hold that opinion within a reasonable degree of medical certainty?

"A. Yes.

"Q. Does the presence of asbestos at all contribute to that disease process?

"A. No, not at all.

"Q. Do you hold that opinion to a reasonable degree of medical certainty?

"A. Yes." (N.T. vol. VII, 31-32.)

Accordingly, plaintiff has no reasonable basis for complaining that the verdict was insufficient other than the fact that he receive no monetary award. Furthermore, there is nothing in the record to indicate the jury's verdict was affected by passion and/or prejudice.

Plaintiffs also contend that the verdict was so inadequate that it had to shock the senses of everyone in the courtroom. However, the court believes that it is reasonable to conclude that the jury based their verdict on the testimony of Dr. Demopoulos incorporating all the other evidence presented. Accordingly, the conscience of the court is not shocked by the jury's verdict.

## III. CONCLUSION

A new trial is warranted only in clear cases. The following quotation from an excellent opinion by the Learned Trial Judge Murray C. Goldman in *Scott & Singleton v. DiValentino,* (September 1991, no. 2551, date August 24, 1995; Super. Ct. Docket no. 03018-PHL95), is apt:

"Plaintiffs first contend that the jury verdict of zero damages should be overturned, and a new trial should be granted on the issue of damages. It should first be noted that it is in the sound discretion of the trial court whether to grant a new trial based on an allegedly inadequate verdict. *Botek v. Mine Safety Appliance Corp.,* [531 Pa. 160, 165,] 611 A.2d 1174, 1176 (1992). Further, it is well settled law it is the jury's province to determine the amount of the damage award. *Hawley v. Donahoo,* [416 Pa. Super. 469, 471,] 611 A.2d 311, 312 (1992) See also, *Lewis v. Pruitt,* [337 Pa. Super. 419, 431,] 487 A.2d 16, 32 (1985) (juries role to assess damages and the court should not interfere). Finally, a verdict may only be set aside as inadequate when it appears to have been a product of passion, prejudice, partiality or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdicts bears no reasonable relation to the loss suffered by plaintiff. *Kiser v. Schulte,* [538 Pa. 219, 225,] 648 A.2d 1, 4 (1994). In light of these guidelines there is no reason to overturn the verdict in this case."

Accordingly, plaintiffs' post-trial motion is denied. Judgment is hereby entered on the verdict in favor of defendants and against plaintiffs.