542 A.2d 516

**Rao BOGGAVARAPU and Vani Boggavarapu, his wife, Appellees,**

v.

**Richard PONIST and Carol Ponist, his wife, Appellants,**

v.

**EAST SUBURBAN HEALTH CENTER and Shabbir Lakdawala, M.D., Appellees.**

Supreme Court of Pennsylvania.

Argued March 11, 1988.

Decided May 20, 1988.

James A. Beinkemper Wayman, Irvin & McAuley, Pittsburgh, for appellants.

Michael Louik, Berger, Kapetan, Malakoff & Meyers, Pittsburgh, for Rao Boggavarapu, et ux.

Anita B. Folino Kiger, Alpern, Schadel & Folino, Pittsburgh, for East Suburban Health Center and Shabbir Lakdawala, M.D.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

McDERMOTT, Justice.

Appellants, Richard and Carol Ponist, appeal from an order of the Superior Court, 368 Pa.Super. 634, 531 A.2d 28, affirming an order of the Court of Common Pleas of Allegheny County granting the motion for new trial of appellees, Rao and Vani Boggavarapu.

Two puncture wounds were inflicted on the right arm of Mr. Boggavarapu, when he was bitten by his neighbor's dog. He went to the emergency room of the East Suburban Health Center where the wounds were covered by a bandaid and two tetanus shots were administered. Mr. Boggavarapu filed suit for pain and suffering and medical expenses of some $9,000. His wife as co-plaintiff sued for loss of his consortium. Because Mr. Boggavarapu complained of injury to his sciatic nerve, allegedly caused when the tetanus needle pierced that nerve, the hospital and treating physician were joined as additional defendants by the appellants (Ponists), owners of the dog.

 It is hornbook law, that one is responsible for the consequences of his tort. *Spangler v. Helm's New York–Pittsburgh Motor Exp.*, 396 Pa. 482, 153 A.2d 490 (1959). Original tortfeasors therefore are primarily liable for all that befalls the one they injure in the hands of those whose treatment is required. *Thompson v. Fox*, 326 Pa. 209, 192 A. 107 (1937). If that treatment negligently exacerbates the original injury both become tortfeasors and both must answer to each other in compensating the injured for the losses they inflict. As between the tortfeasors one may do more than the other and each must proportionally pay as the jury determines. *Lasprogata v. Qualls*, 263 Pa.Super 174, 397 A.2d 803 (1979); Restatement (Second) Torts §§ 457, 434.

In his charge, the learned trial judge carefully laid those concepts before the jury.

"... if you find that they [the Ponists] were negligent and that their negligence was the substantial factor in Mr. Boggavarapu being bitten and he went and in the natural course of events to, or the natural sequence of events, the East Suburban Hospital for treatment, then he got injured through the negligence of the hospital or through the negligence of Dr. Lakdawala, or if you find they weren't negligent but somehow or another he had an adverse result, the Ponists would be responsible for all of the injuries which Mr. Boggavarapu sustained once you

determine that in the first instance they were negligent and that their negligence was the substantial factor in him being bitten by Thor. If you, the Members of the Jury, find the defendants, Richard and Carol Ponist, his wife, to be negligent then they are liable for the full extent of the damage they have inflicted because they must accept the plaintiff, Rao Boggavarapu, as they find him." (N.T., p. 403)

"The damages recoverable by the plaintiff Boggavarapu in this case and the items which go to make them up, each of which I will discuss separately, are as follows: Medical expenses, future medical expenses, past pain and suffering, future pain and suffering, enjoyment of life, loss of well being, inability to participate in ordinary daily activities and recreational pursuits, and, of course, the wife plaintiff, Mrs. Vani Boggavarapu, would have a claim for her loss of consortium and whatever damages she sustained as a result of her husband not being able to be as attendant to her needs as he otherwise might had he not been injured." (N.T., p. 430)

"... if you have answered both prior questions, one and two yes, then you will award in number three a sum which is the total amount of all of Rao Boggavarapu's damages for all of the items which I have told you he has a right to recover, if in fact the Ponists are negligent and that their negligence was a substantial factor of his injury." (N.T., p. 440)

*Boggavarapu v. Ponist,* No. G.D. 81–31476 C.D., Slip Op. at 12, n. 1 (C.P. Allegheny, March 20, 1986).

■ The jury returned a verdict exculpating the hospital and treating physician. They held the Ponists alone responsible for the dog bite and awarded only $42.60, the cost of emergency room treatment, as damages to the appellee. They also specifically denied any damage for loss of consortium to his wife. The learned trial judge, perceiving that where there is a tort there must be compensation for the damage inflicted, ordered a new trial because the damage awarded here did not include compensation for pain and

suffering. As a general proposition victims indeed must be compensated for all that they lose and all that they suffer from the tort of another. In that proposition is subsumed that they have suffered loss and that compensible pain was inflicted. *Spangler, supra.*

We have held and hold now that there are injuries to which human experience teaches there is accompanying pain. *Todd v. Bercini,* 371 Pa. 605, 92 A.2d 538 (1952). Those injuries are obvious in the most ordinary sense: the broken bone, the stretched muscle, twist of the skeletal system, injury to a nerve, organ or their function, and all the consequences of any injury traceable by medical science and common experience as sources of pain and suffering. *Thompson v. Iannuzzi,* 403 Pa. 329, 169 A.2d 777 (1961); *Yacabonis v. Gilvickas,* 376 Pa. 247, 101 A.2d 690 (1954); *Todd, supra.* Pain, of varying degree, may indeed follow small injury and be greater in its consequence than the initial blow. It may aggravate existing defects of the person, exploding latent diseases or precipitate, into present pain, what otherwise might have passed or been long delayed, absent the immediate injury. *Offensend v. Atlantic Refining Co.,* 322 Pa. 399, 185 A. 745 (1936). Pain may be subjective, and if believed, is compensable. *Laurelli v. Shapiro,* 416 Pa. 308, 206 A.2d 308 (1965). If the pain, however, has no known medical source and is subjective to the person, the triers of fact must believe and accept that it could and in fact exists. They are not to be faulted, however, if they do not believe all they are told and all that their common experience does not accept. That is not to say, they may disregard obvious injury. It is, however, to say that they are not obliged to believe that every injury causes pain or the pain alleged. *Id.*

Such is the problem here. A jury is not compelled to believe that a dog bite or puncture by a needle causes compensable pain. They may believe that it is a transient rub of life and living, a momentary stab of fear and pain, or neither. Indeed, too loud a cry of pain, on small occasion, may dilute belief even in the occasion itself. Jurors may

perceive interests beyond the momentary pain: interests of opportunity that to the jurors' minds become oppressive even for an obvious tortfeasor. In this case the appellee did not complain that the dog bite itself caused his injury. All his complaints were the product of the tetanus needle which he complained pierced his sciatic nerve. Whether it did or not was vigorously contested by both sides. The jury chose to believe it did not because it could not, according to the medical testimony of the appellants.

 Hence, the specific cause of the alleged pain was clearly rejected. That rejection reduced the issue from one of obvious injury to one of subjective pain. Jurors are not compelled to find pain where there was no objective injury. They could have but they did not, and it is not a fact of human experience that *every* tort produces *compensable* pain. Indeed, by verdict the jurors found no tort on the hospital that could have caused the pain alleged. They found a tort in the dog bite, but found no pain because the pain alleged was the needle and not the dog. A tortfeasor is not obliged to answer for what he did not cause simply because he is a tortfeasor.

 Evidence is not proof until it is believed and accepted by a trier of fact. Persons may indeed suffer pain that they attribute to a cause, but at law the cause they assert must be accepted as the cause of their pain. Their belief, however well founded in their minds, is not the cause until it finds acceptance in the minds of the fact triers.

We are loath to deny a trial judge his view of what constitutes grounds for a new trial. Here the trial judge properly perceived a general rule but failed to ground it in those phrases that bespeak a firm belief in the justice of the occasion. In his reasons he said he would have denied a new trial had the jurors returned a verdict for pain and suffering "no matter how small." *Boggavarapu v. Ponist, supra,* at 6.

In *Elza v. Chovan,* 396 Pa. 112, 152 A.2d 238 (1959) this court stated:

While the appellate courts tend to uphold the trial courts, they do not abdicate their powers of review: *Decker v. Kulesza*, 369 Pa. 259, 85 A.2d 413 (1952); *Ropele v. Stewart*, 185 Pa.Superior Ct. 522, 137 A.2d 895 (1958). It is their duty to review the evidence to see whether there was a clear case of injustice: *Nikisher v. Benninger*, 377 Pa. 564, 105 A.2d 281 (1954).

In discharging that duty some trademark must appear by which to distinguish cases of clear injustice from those in which the court below has merely ousted the jury and moved into their seats. Certainly the trial courts should give reasons for what they do when the issue is the weight of the evidence or the interests of justice: *Bellettiere v. Philadelphia*, 367 Pa. 638, 81 A.2d 857 (1951).

Trial courts cannot avoid gross abuses of discretion or convince us that a verdict is so unreasonably low as to present a clear case of injustice without using words of appropriate urgency and decisiveness.

*Id.*, 396 Pa. at 117, 152 A.2d at 241. We do not mean to imply that there are magic, invocatory words that of themselves will justify a new trial. What we expect is that, along with the evidence, a trial judge's impression and analysis of that evidence will be fully articulated, leaving no doubt, at least to his mind, that the evidence and the verdict on that evidence represent an injustice. However, an award of damages "no matter how small" does not implicate such concepts of justice as would warrant a new trial in this case.

We do not believe that the jury misconceived the clear instructions of the court. A review of the verdict slip, wherein they specifically excluded damages for loss of consortium, is consistent with their verdict that the damage for the dog bite itself did not extend beyond the emergency room. They exercised their prerogative to believe all, some, or none of the evidence, and with their verdict the matter ends.

The order of the Superior Court is reversed and the record is remanded to the trial court for entry of judgment on the verdict.