611 A.2d 311

**Thomas W. HAWLEY, Appellant,**

v.

**James David DONAHOO, Jr.**

Superior Court of Pennsylvania.

Submitted June 4, 1992.

Filed July 31, 1992.

Gerald A. Keene, New York, for appellant.

Gary Weber, Williamsport, for appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

MONTEMURO, Judge.

This is an appeal from an order denying appellant's motion for a new trial and/or judgment notwithstanding the verdict. The sole issue raised on review is whether the trial court erred in denying appellant a new trial after the jury awarded him zero damages for his personal injuries. Finding that the trial court erred, we reverse.

On March 24, 1989, appellant, Thomas Hawley, was involved in an automobile accident with appellee, James Donahoo, near Ulster, Pennsylvania. Appellee conceded liability, and also conceded that appellant suffered a compression fracture of the L–3 vertebra as a result of the accident. However, since appellant had a prior history of back injuries, the extent of the damage caused by the instant injury was contested.

Appellant claimed damages for: a compressed L–3 vertebra; a continuing lumbar strain that was of a permanent nature; lost wages; and loss of enjoyment of life.[1] Appellee asserted that the fractured vertebra was a minor injury which healed in, at most, six weeks, and that any pain appellant was presently suffering was a result of a serious pre-existing condition. The only evidence presented at trial was the testimony of the appellant, his wife, his employer, and two of his physicians, Dr. Cohen and Dr. Coughlin.

1. Appellant's medical expenses were not at issue in this action.

Appellee presented no witnesses. During cross-examination, appellee attacked appellant's credibility, calling into question the veracity of appellant's claim that he is suffering an ongoing injury as a result of the accident. After the jury awarded appellant zero damages, appellant asserted that the verdict was inadequate, and requested a new trial, or in the alternative, an entry of judgment against the appellee in a fair and reasonable amount. The trial court denied appellant's request for relief and this appeal followed.

 It is axiomatic that the amount of a damage award is an issue for the jury which should rarely be altered on appeal. As our Supreme Court noted in *Elza v. Chovan*, 396 Pa. 112, 152 A.2d 238 (1959):

> It is the province of the jury to assess the worth of the testimony and to accept or reject the estimates given by witnesses. If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for the jury's. The mere fact that the verdict is low does not mean that it is inadequate.

*Id.*, 396 Pa. at 115, 152 A.2d at 240. In more graphic terms, a "reversal on grounds of inadequacy of the verdict is appropriate only where 'the injustice of the verdict (stands) forth like a beacon,'" *Deitrick v. Karnes*, 329 Pa.Super. 372, 376, 478 A.2d 835, 837 (1984) quoting *Elza supra*, 396 Pa. at 118, 152 A.2d at 241. Determining the adequacy of a verdict is a matter for the sound discretion of the trial judge which should not be reversed absent a clear abuse of discretion. *Sharpe v. Steel*, 205 Pa.Super. 95, 208 A.2d 43 (1965). Despite our narrow standard of review, this Court has not abdicated its role in assessing the adequacy of damage awards.

The trial court found that the question as to the existence of compensable pain is one of credibility which should be left to the trier of fact. Appellant counters that since it is uncontested that he suffered a compressed vertebra, he is entitled to compensation as a matter of law for at least the

pain and suffering associated with this known source of pain.

▇▇▇▇ The general rule is that victims must be compensated for all their losses caused by the negligence of another. *Boggavarpu v. Ponist*, 518 Pa. 162, 542 A.2d 516 (1988). However, not every injury results in compensable pain. In *Boggavarpu*, plaintiff was bitten by his neighbor's dog. Plaintiff claimed that the tetanus shot administered in the hospital subsequent to this bite, pierced his sciatic nerve. It was uncontested that plaintiff was bitten; however, the extent of the injury to the sciatic nerve was disputed. The jury awarded plaintiff damages solely for the cost of hospital care, thereby excluding damages for loss of consortium and pain and suffering. The trial court concluded that the tort dictated some compensation, and ordered a new trial. Our Supreme Court reversed this determination, finding that all pain is not compensable. The *Boggavarpu* court stated:

> there are injuries to which human experience teaches there is accompanying pain. *Todd v. Bercini*, 371 Pa. 605, 92 A.2d 538 (1952). Those injuries are obvious in the most ordinary sense: the broken bone, the stretched muscle, twist of the skeletal system, injury to a nerve, organ or their function, and all the consequences of any injury traceable by medical science and common experience as sources of pain and suffering. *Thompson v. Iannuzzi*, 403 Pa. 329, 169 A.2d 777 (1961); *Yacabonis v. Gilvickas*, 376 Pa. 247, 101 A.2d 690 (1954); *Todd, supra.*

*Id.* 518 Pa. at 167, 542 A.2d at 518.

▇▇▇▇ However, if the pain is subjective, and has no identifiable medical source, it must be believed to be compensable. *Id.* The triers of fact are not to be faulted, "if they do not believe all they are told and all that their common experience does not accept. This is not to say, they may disregard obvious injury. It is, however, to say that they are not obliged to believe that every injury causes pain or the alleged pain." *Id.* Furthermore, a jury is free to believe that suffering a dog bite is a

transient rub of life and living, a momentary stab of fear and pain, or neither. Indeed, too loud a cry of pain, on small occasion, may dilute belief in even the occasion itself. Jurors may perceive interests beyond momentary pain: interests of opportunity that to the juror's minds become oppressive even for an obvious tortfeasor. *Id.*

In *Brodhead v. Brentwood Ornamental Iron Inc.*, 435 Pa. 7, 255 A.2d 120 (1969), negligent conduct on the part of the defendant was established; however, the defendant contested the extent of the injuries suffered. The *Brodhead* court found that even though there was no direct evidence contradicting testimony of the plaintiff and his treating physicians as to the existence of contusions, it was within the jury's province to pass on the credibility, and to find that the injury did not exist. The court, in reviewing the record, found that such disbelief by the jury was not wholly unwarranted.

However, our review of the record in the present case indicates that the existence of the fractured vertebra was not questioned by the appellee on cross-examination, and therefore the jury's refusal to believe in the existence of this injury was unwarranted. The uncontested evidence was that appellee was negligent and that this negligence caused a compression fracture of appellant's L–3 vertebra. As a result of this injury, appellant was hospitalized for three days. His treating physician testified that while the fracture was not particularly serious, and that every person's tolerance of pain is different, this type of injury causes acute pain for a period of three days to a week, and that after six weeks the pain tapers off.

Indeed, appellee's counsel recognized the existence of this pain in his closing argument:

there was an accident, that the accident was caused by Mr. Donahoo, and that there was an injury to Mr. Hawley. But I indicated to you ... that the injury was a compression fracture of a vertebra and it was a fairly minor injury, and that the injury resolved after a period of time, approximately four to six weeks ... Mr. Hawley

is entitled to be compensated for that injury, but he is not entitled to be compensated for injuries which are not related to the accident.

(N.T. 7/11/91 at 1–2).

While the jurors are the sole judges of credibility, and appellant's inconsistent and perhaps exaggerated testimony could have been perceived as an indication of appellant's interests of opportunity beyond pain which could dilute their belief in the existence of the occasion itself, the jury is not free to ignore an obvious injury. As our Supreme Court stated in *Thompson v. Iannuzzi*, 403 Pa. 329, 169 A.2d 777 (1961): "It is true that the jury is the final arbiter of facts but it may not, in law, ignore what is patent to the eye, obvious to the mind and clear to the normal process of ordinary computation." *Id.*, 403 Pa. at 332, 169 A.2d at 778–789. Based on the uncontested evidence of the compression fracture, we find that appellant suffered compensable pain from a known medical source which was more than a mere transient rub of life.

The case law cited by appellee in support of a zero damage award is distinguishable from the present facts. In *Holland v. Zelnick*, 329 Pa.Super. 469, 478 A.2d 885 (1984), this court upheld a zero damage award on appeal. The issue presented in *Holland* was whether the plaintiff was really suffering pain, and if so, whether the pain had been caused by the defendant's conduct. Thus, unlike the present case, both the existence and the cause of the injury were contested. Similarly, in *Boggavarpu, supra*, the specific cause of the pain, an allegedly punctured sciatic nerve, was contested, and rejected by the jury. "That rejection reduced the issue from one of obvious injury to one of subjective pain. Jurors are not compelled to find pain where there was no objective injury." *Boggavarpu, supra* 518 Pa. at 168, 542 A.2d at 518–519. Thus, while "[w]e are loath to deny a trial judge his view on what constitutes grounds for a new trial," the facts present an obvious injury and compensable pain that the jury ignored. *Id.*, 518

Pa. at 168, 542 A.2d at 519. As such, appellant is entitled to a new trial.

Reversed and remanded for a new trial.

Jurisdiction is relinquished.