OLSZEWSKI, Judge:
On February 12, 1990, Vladimir Pene drove the station wagon he was operating for the West Shore Country Club into the rear of Doris Matheny’s Dodge 600 sedan. Math-eny and her pregnant daughter Joan Murray were sitting at a stop sign when Pene rear-ended them; they were both wearing their seat belts. Defendants admitted liability, so Matheny, her husband Edwin, and Murray brought this suit in June of 1991 on the sole issue of damages. A jury awarded Matheny $4,500 for her past and future medical expenses and $1,250 for general damages (including pain and suffering); they awarded daughter Joan $4,000 in general damages (she did not seek medical expenses); and they awarded no damages for husband Edwin’s loss of consortium claim.
Not satisfied with the verdict, the Mathe-nys filed post-trial motions for additur or, in the alternative, a new trial.[1] The trial court acknowledged that the verdict was low, but considered it to be a rational compromise given the conflicting damage testimony. Since injustice did not shine forth like a beacon, the trial court saw no basis for disregarding the jury’s verdict and denied the post-trial motions. This appeal followed.
It is hard to imagine a situation which calls for a more deferential standard of review than a weight of the evidence claim. It is the exclusive province of the jury, as factfinder, to hear evidence on damages and decide what amount fairly and completely compensates the plaintiffs. A trial court should be loath to substitute its judgment for the jury’s and may do so only in very limited circumstances. We have often used the image of “injustice shining forth like a beacon” to describe the rare situation which could justify a trial court’s decision to upset a jury verdict and grant a new trial. See, e.g., Bortner v. Galdfelter, 302 Pa.Super. 492, 448 A.2d 1386 (1982). But the trial court is at least in a position to make an informed judgment to overturn a jury verdict, since it had an opportunity to observe the witnesses and evaluate credibility. See Coker v. S.M. Flickinger Co., Inc., 533 Pa. 441, 625 A.2d 1181 (1993) (trial court is uniquely qualified to evaluate factual matters, and thus can have a *25 basis for rejecting a jury verdict and granting a new trial).
Appellate courts lack this vantage point. Review of a cold record acts much like the inverse square law of light propagation — any beacon of injustice will necessarily appear even dimmer to our eyes than it was to the trial court’s. We should therefore be exceptionally hesitant to disregard both a jury verdict and the trial court’s evaluation of the evidence, and order a new trial at plaintiffs’ behest. Indeed, our high court has stated:
When a court grants a new trial on the ground of inadequacy of the verdict an appellate court, in the absence of a gross abuse of discretion, will not interfere. When a trial court refuses to grant relief against an allegedly inadequate verdict an appellate court will exercise even greater caution in reviewing its action.
Black v. Ritchey, 432 Pa. 366, 369, 248 A.2d 771, 773 (1968) (emphasis in original, citations omitted). We therefore may only reverse the trial court if we are convinced that it committed something even worse than a gross abuse of discretion.
Given this standard, it comes as no shock that we also fail to see injustice shining forth like a beacon in the present case. Since defendants admitted liability, one would have expected this ease to settle if issues of damages were not strongly contested. The record reveals ample testimony which supports the jury’s decision to return a low damage verdict for the plaintiffs.
Doris Matheny walked away from the accident without any externally manifest injuries, just various pains which made her feel “uncomfortable.” She received treatment which relieved all of her symptoms within a few months, except for some low-grade pain which was manageable with over-the-counter analgesics. Matheny stopped medical treatment for 15 months, and then resumed medical treatment shortly after commencing this suit. In a self-assessment questionnaire she filled out for one of her new doctors, Mathe-ny admitted that she had been getting along without taking any pain killers, and that her social and sex lives were normal. Also, evidence at trial suggested that some of her problems could have been caused by arthritis and hyperthyroidism, conditions not related to the accident.
We cannot accept the Mathenys’ argument that the award of general damages was necessarily too low. The jury must believe that a plaintiff suffers pain before it need compensate for that pain. Boggavarapu v. Ponist, 518 Pa. 162, 542 A.2d 516 (1988) (upholding an award of only $42.60 to cover medical treatment and nothing for pain in a dog bite casé). The Mathenys cite several recent cases in which new trials for inadequate damages were awarded over a trial court’s denial, but all are distinguishable: they either involved a manifestly serious injury, no question of causation, or an award of no damages. Cf. Hill v. Pa. Bureau of Corrections, 124 Pa.Cmwlth. 172, 555 A.2d 1362 (1989) (low award despite serious, demonstrable injury and clear causation); Mueller v. Brandon, 282 Pa.Super. 37, 422 A.2d 664 (1980) (serious, demonstrable injuries and no question of causation); Hawley v. Donahoo, 416 Pa.Super. 469, 611 A.2d 311 (1992) (no damages awarded despite an obvious injury). Here, Doris Matheny’s injuries were not manifest, by her own admission not that troublesome, causation was at issue, and the jury did award some general damages. We cannot say that the low award was out of proportion to the record evidence of her pain.[2]
Likewise, the jury may have reasonably determined that Doris Matheny’s injuries were simply not serious enough to support her husband Edwin’s loss of consortium claim. Such a finding does not contradict the trial court’s charge that Edwin Matheny should be compensated for any loss of his wife’s services and companionship due to the *26 accident-related injuries. Claims for loss of an injured spouse’s consortium are generally appended to every negligence claim filed in this Commonwealth, but they are separate claims. Merely proving that the plaintiff suffered an injury does not prove that his or her spouse lost consortium. The jury apparently found that Doris Matheny suffered some small injury, compensated her for it, but also found that this injury had no effect on her ability to serve and provide companionship to her husband.
Nor are we persuaded by the Mathenys’ argument that the award of medical expenses is inconsistent and must be corrected. The Mathenys presented a past medical expense claim of about $2,000, and a claim of about $10,000 for future surgery which might or might not become necessary. The jury awarded $4,500 in past and future medical expenses. The Mathenys reason that the award demonstrates that the jury accepted the future medical expense claim, and therefore should have awarded the entire amount claimed. On the contrary, the award would appear to be a classic compromise verdict— the jury reached a future medical expense award by considering the probability that the future surgery would become necessary.
In sum, the Mathenys argue that the verdict should be reversed because it is too low, even though: all of Doris Matheny’s injuries were subjective, not physically manifest; the degree of these injuries and their etiology were hotly contested; and Doris Matheny’s own admissions to her treating physicians indicated that her pain was minor. We agree that this verdict may appear low, but it falls short of the demanding standard required for reversing a trial court’s order refusing a new trial.
Normally a low verdict alone will not suffice to grant a new trial. Our Supreme Court has held that where the verdict could have been the result of jury compromise, a new trial will not be awarded on the grounds that the verdict was too low. Thus, if there had been conflicting testimony regarding the amount of plaintiffs damages in this case, the painfully low verdict would withstand a motion for a new trial, regardless of how persuasive the judge viewed the plaintiffs witnesses.
Read v. Shu, 419 Pa.Super. 227, 233-84, 615 A.2d 109, 111-12 (1992) (Olszewski, J. concurring, citations omitted); trial court opinion, 9/3/93 at 2. Given the conflicting evidence in the present case, and the trial court’s conviction that a new trial is not warranted therefore, we are in no position to find otherwise.
Judgment affirmed.
POPOVICH, J., concurs in the result.

. Joan Murray has not appealed her award.

. Moreover, we note that this area is particularly ill-suited for reasoning by analogy. Every accident victim suffers unique injuries and responds differently to them. Also, a jury may be influenced by the way a case is presented. As our high court recently noted, "Indeed, too loud a cry of pain, on small occasion, may dilute belief even in the occasion itself. Jurors may perceive interests beyond momentary pain: interests of opportunity that to the jurors' minds become oppressive even for an obvious tortfeasor." Boggavarapu, supra, 518 Pa. at 167-68, 542 A.2d at 518.