**Barthel v. Peters**

C.P. of Berks County, no. 1066-92 A.D.

*John J. Speicher,* for plaintiff.
*Jeffrey R. Elliott,* for defendant.

SCHAEFFER, *P.J.,* February 26, 1996—

## FACTS

Before the court is plaintiff's motion for a new trial. The underlying action stems from an automobile accident on March 5, 1990. At trial plaintiff claimed defendant was at fault for the accident and asserted that as a result of the accident he suffered injuries to his back, neck and shoulder. Conversely, defendant attempted to prove that plaintiff was at fault for the accident and further that plaintiff suffered no injuries as a result of the accident. Defendant attempted to show that plaintiff's alleged injuries were all pre-existing and were not caused, or aggravated, by the accident.

The jury returned a verdict finding that defendant and plaintiff were each 50 percent at fault for the accident. The jury also found that "defendant's negligence was a substantial factor in causing the plaintiff's harm." The jury then awarded zero damages.

Plaintiff claims that pursuant to *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634 (1995), a jury cannot award zero damages after finding that a defendant is negligent and that the defendant's negligence is a substantial factor in causing the plaintiff's harm.

Defendant asserts two arguments in opposition to plaintiff's motion. First, defendant argues that in the present case there was ample evidence for the jury to find that all of plaintiff's alleged injuries were pre-existing and were not caused, or aggravated, by the accident. Therefore, the jury could appropriately award zero damages.

Defendant's second argument is that certain injuries, although legally caused by a defendant's negligence, are not "compensable injuries." Relying on *Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516 (1988), defendant asserts, some injuries are merely a "transient rub of life" which a jury is free to find not compensable. Defendant argues that the injuries alleged in the case at bar are but a "transient rub of life," permitting the jury to award plaintiff zero damages.

## STANDARD

"A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it 'shocks one's sense of justice.' " *Neison v. Hines, supra* at 520, 653 A.2d at 636, citing *Kiser v. Schulte,* 538 Pa. 219,

226, 648 A.2d 1, 4, (1994) and *Burrell v. Philadelphia Electric Co.,* 438 Pa. 286, 289, 265 A.2d 516, 518 (1970).

## DISCUSSION

The jury was given special interrogatories to answer in rendering its verdict. The first interrogatory which the jury was asked was:

"Was the defendant, Paul M. Peters, negligent?"

The jury answered the question "Yes."

The second interrogatory which the jury was asked was:

"Was the defendant's negligence a substantial factor in causing the plaintiff harm?"

The jury answered the second question "Yes."

By answering these two interrogatories in this manner, the jury found the following facts:

(1) That the defendant was negligent;

(2) That the defendant's negligence was a legal cause of the plaintiff's harm; and

(3) That the plaintiff suffered compensable harm.

Defendant's initial assertion, that the jury could have properly found that plaintiff's injuries were pre-existing and not caused, or aggravated by, the accident, is correct. However, the jury did not so find. Rather, the jury found that the plaintiff's injuries were legally caused by the accident and that the plaintiff suffered injury. Otherwise, the jury would have answered question 2 "No." Therefore, the defendant's argument that the jury had ample evidence to find that the plaintiff's injuries

were pre-existing and not caused, or aggravated, by the accident, while correct, is inapposite.

The question remains, then, was the jury free to award zero damages after finding that the plaintiff suffered injuries in the accident and that the injuries were legally caused by defendant's negligence. Defendant, relying on *Boggavarapu v. Ponist, supra,* asserts that the jury was free to find that plaintiff's injuries were not "compensable injuries."

In *Boggavarapu* a dog had bitten the plaintiff and as a result, the plaintiff received two tetanus shots. The plaintiff alleged that in giving him the tetanus shots, the needle punctured his sciatic nerve, causing injuries. Plaintiff and his wife sued the owners of the dog for damages stemming from the tetanus shot. The owners of the dog joined the hospital and doctor who performed the injection. The jury returned a verdict exculpating the hospital and treating physician. The jury found the owners of the dog liable for the dog bite only and awarded $42.60, the cost of the emergency room treatment, as damages to the plaintiff husband (rejecting the plaintiff wife's claim of loss of consortium). The trial judge ordered a new trial. The trial judge held that since the jury found a tort and injury, it must award damages for pain and suffering. The Superior Court affirmed.

The Supreme Court reversed. The Supreme Court recounted that when a defendant's negligence causes injuries to which human experience or medical science teaches there is accompanying pain and suffering, the jury must award compensatory damages. However, the court also stated that if the alleged pain has no known

medical source and is subjective to the person, the trier of fact may choose to disbelieve the plaintiff and properly refuse to award damages.

The court then held that because there had been conflicting testimony on whether the needle puncture caused the alleged nerve damage, the jury's decision to award no damages for the injection was proper. As to the pain associated with the dog bite, the court held that the jury could refuse to award damages for pain and suffering because the plaintiff *had not alleged or pursued recovery for any pain associated with the dog bite,* but rather had only alleged pain in relation to the tetanus injection. The jury's rejection of the injection claim "reduced the issue from one of obvious injury to one of [unclaimed] subjective pain." The court held that the jury was not compelled to find pain where there were no *claimed* objective injuries. *Boggavarapu, supra* at 168, 542 A.2d at 518-19. See discussion in *Neison, supra* at 524, 653 A.2d at 638.

Defendant misreads *Boggavarapu* when he asserts that certain "objective" injuries are not "compensable." The court did not so hold. Rather, the court held the pain associated with the dog bite, for which the plaintiff did not claim damages, *was unclaimed and, therefore, uncompensable.* Therefore, as no damages were claimed for the pain associated with the dog bite and as the jury found that the injury to the sciatic nerve was not caused by the tetanus shots administered by the defendant, a verdict awarding the plaintiff no damages was proper.

It is the long standing law of this Commonwealth that a jury's determination of damages must bear some reasonable relation to the evidence presented. *Kiser v. Schulte, supra; Hawley v. Donahoo,* 416 Pa. Super. 469, 611 A.2d 311 (1992). Further, when a jury finds

a defendant negligent and that the negligence legally caused injury, a jury must award some damages for the injury caused. *Neison, supra; Boggavarapu, supra.* To not do so is so contrary to the evidence as to shock one's sense of justice, and to warrant the granting of a new trial.

Accordingly, we enter the following order:

## ORDER

And now, February 26, 1996, upon consideration of plaintiff's motion for a new trial, it is hereby ordered that said motion is granted as to the issue of damages only.