MASSIAH-JACKSON, J.,
June 15, 2015
On May 4, 2012, sixty-five year old plaintiff Moses Bailey was involved in a car accident in Philadelphia. Mr. Bailey got out of his car unassisted and felt, “a little dizzy, little *443 woozy.” He went by ambulance to Einstein Hospital where he reported neck pain. He received a CT scan and x-ray, and was released. Mr. Bailey sought treatment at Philadelphia Pain Management on May 21, 2012, seventeen days after the accident. He continued treatment at Philadelphia Pain Management until May 4, 2013. In November, 2012, Mr. Bailey commenced this action against Ms. Amy Pham and Mr. Quang Lee. Quang Lee was dismissed from the case by agreement. After five days of trial, on January 30, 2015, the jury returned a verdict finding that defendant-Pham was negligent, and that her negligence was a factual cause of any harm to plaintiff-Bailey. The jury awarded zero dollars in damages.
Plaintiff-Bailey has filed this motion for post-trial relief, Control No. 15022126, claiming that a new trial on damages is warranted. In the alternative, he seeks additur. The court and counsel coordinated a post-trial briefing schedule. Oral argument was held on June 11, 2015. For the reasons set forth below this court concludes that plaintiff’s claims are without merit. The motion for post-trial relief is denied.
A. A Jury Is Free to Believe All or Part or None of The Evidence.
The underlying basis of plaintiff-Bailey’s post-trial argument is that the award of zero damages is inadequate because it is against the weight of the evidence. “A trial court may only grant a new trial whén the jury’s verdict is so contrary to the evidence that it shocks one’s sense *444 of justice.” Neison v. Hines, 653 A.2d 634, 636 (Pa. 1995). Our case law has consistently held that the jury must believe that a plaintiff suffers pain before it may compensate for that pain. Boggavarapu v. Ponist, 542 A.2d 516 (Pa. 1988); Matheny v. W. Shore Country Club, 648 A.2d 24, 24 (Pa. Superior Ct. 1994). This is not a case involving a manifestly serious or debilitating injury naturally accompanied by pain. See Neison, 653 A.2d at 636; Boggavarapu, 542 A.2d at 518. The Pennsylvania Supreme Court confirmed nearly thirty years ago that the extent of medical treatment is not probative of a plaintiff’s pain and suffering. In Martin v. Soblotney, 466 A.2d 1022 (Pa. 1983) at 1025:
“It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury ... even given identical injuries, treatment and cost, the fact remains that pain is subjective and varies from individual to individual.”
In this trial, the jury was required to distinguish pre-existing conditions and injuries caused by other incidents from injuries caused or aggravated by this accident. Plaintiff-Bailey’s treating chiropractor, Dr. Terri Gartenberg, D.C., testified that Mr. Bailey complained of pains in his neck, lower back, buttocks, wrists, and intermittent pain and tingling in his legs. January 26,2015, N.T. 172, 189. Dr. Gartenberg concluded that plaintiff-Bailey’s pain was caused or aggravated by the May 4, *445 2012 accident. January 26,2015, N.T. 172,217. However, the jury may have believed the defendant’s neuroradiology expert Dr. Michael L. Brooks, M.D. who characterized plaintiff-Bailey’s conditions as degenerative changes preexisting the May 4, 2012 accident. Brooks Video, January 6, 2015, N.T. 55.
Dr. Brooks testified that the CT scan taken at Einstein Hospital on the day of the accident and an MRI taken in November, 2012 showed degenerative “wear and tear” changes that were long standing and chronic. Brooks Video, January 6, 2015, N.T. 46, 50, 55. Dr. Gartenberg, admitted on cross-examination that she could not tell if the conditions shown on MRI studies taken after the accident were caused or aggravated by the accident. January 26, 2015, N.T. 218. Such a determination would require comparison with an MRI taken before the accident, which did not exist. January 26, 2015, N.T. 218, 224.
Plaintiff-Bailey informed the jury that the impact of the accident did not move his car, his airbags did not deploy, and he did not strike any body parts against the interior of the car. January 26,2015, N.T. 143-145. Mr. Bailey’s car was dented. January 26, 2015, N.T. 147. He did not break any bones. This accident does not compel the conclusion that any resulting injury was of a kind naturally accompanied by pain. Compare Neison, 653 A.2d at 638-38 (finding that injuries were naturally accompanied by pain where the impact caused the plaintiff’s head to shatter the car’s rear window), with Majczyk v. Oesch, 789 A.2d 717, 725 (Pa. Superior Ct. 2001) (holding that a jury was entitled to *446 conclude pain was not compensable where accident was minor).
Plaintiff-Bailey also told the jury that he suffered from diabetic neuropathy, which caused tingling in his feet, legs and arms before the accident. January 26, 2015, N.T. at 82, 115-116. Dr. Gartenberg testified that plaintiff-Bailey reported, during one of his appointments at Philadelphia Pain Management, that he was unsure if the numbness and tingling in his legs were any worse than before the accident. January 26, 2015, N.T. at 266. Further, plaintiff-Bailey explained to the jury that he had broken one wrist and fractured the other in a 1992 fall-down accident, which required surgery on both wrists. January 26, 2015, N.T. at 79, 118.
Additionally, the jury heard that subsequent to this accident, on January 12, 2013, plaintiff-Bailey passed out while driving. His car struck three other vehicles. January 26, 2015, N.T. 105-106, 120. Plaintiff-Bailey stated that when he got out of his automobile someone punched him in his face knocking him down. January 26, 2015, N.T. 105-106. On cross-examination, Dr. Gartenberg indicated that an EMG test taken in April, 2013, after the second accident, showed cervical C-6 radiculopathy in addition to radiculopathy in other locations diagnosed before the January 12, 2013 accident. January 26, 2015, N.T. 245, 248.
Moreover, plaintiff-Bailey testified to experiencing minimal limitations resulting from the May, 2012 accident. January 26,2015, N.T. at 108-109. Mr. Bailey said that his *447 pain interfered with playing pool, bowling and cleaning his apartment. January 26, 2015, N.T. at 108-109. Mr. Bailey admitted, however, that he had not played pool or bowled for six months prior to the May 4, 2012 accident. January 26, 2015, N.T. 155-156. Mr. Bailey said his niece and a friend help with cleaning his apartment, and that he could clean, “but I’m no good at it.” January 26, 2015, NT. 139,155.
With all of this evidence in mind, while the plaintiff did offer evidence of pain, the jury may have concluded that much of the discomfort complained of was not attributable to the May 4, 2012 accident, or that it was less extensive than suggested by Mr. Bailey and/or his chiropractor Dr. Gartenberg. It was up to the triers of fact to assess the weight of the evidence. In Nudleman v. Gilbride, 647 A.2d 233 (Pa. Superior Ct. 1994), the Superior Court reiterated well-established precedent at 237:
“Generally, victims are entitled to be compensated for all of their losses caused by negligence of another. However, not every injury results in compensable pain. Boggavarapu v. Ponist, 518 Pa. 162,166-67, 542 A.2d 516, 518 (1988); Hawley v. Donahoo, 416 Pa. Super. 469, 470-71, 611 A.2d 311, 312 (1992). ... But the jury, having seen and heard the plaintiff, her doctor, and her other witnesses is ‘not required to accept everything or anything the plaintiff and her doctor [or other witnesses] said, even if their testimony was uncontradicted.’ Bronchak v. Rebman, 263 Pa. Super. 136, 140-41, 397 A.2d 438, 440 (1979).”
*448 Finally, in Maiczyk v. Oesch, 789 A.2d 717, 726 (Pa. Superior Ct. 2001), the Superior Court held that the “determination of what is a compensable injury is uniquely within the purview of the jury.” The bottom line: pain is subjective.
B. Conclusion.
After a thorough review of the record, this trial court is unable to find a basis to either award a new trial or to grant additur. The jury had the opportunity to weigh contradictory evidence and inferences, to judge the credibility of witnesses, to consider expert medical testimony, and then to draw the ultimate conclusions as to the facts.
For all the reasons set forth above plaintiff’s motion for post-trial relief is denied. The jury determined that Amy Pham was causally liable for Moses Bailey’s injuries, but that those injuries were not compensable.
ORDER
Andnow, this 15th day of June, 2015, after consideration of the motion for post-trial relief filed by plaintiff Moses Bailey, and defendant’s response thereto, including all memoranda submitted by the parties, after oral argument held June 11, 2015, and, for the reasons set forth in the memorandum filed this date, it is hereby ordered that plaintiff’s motion is denied.