J-A20039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW D. SINGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Appellant | : | No. 309 MDA 2019 |

Appeal from the Order Entered January 24, 2019
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2015-02859

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:          **FILED OCTOBER 01, 2019**

Appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), appeals from the order entered in the Lackawanna County Court of Common Pleas, which granted the post-trial motion of Appellee, Matthew D. Singer, for a new trial on damages.  We affirm.

In its opinions, the trial court correctly sets forth the facts and procedural history of this case.  Therefore, we have no reason to restate them.

State Farm raises the following issue for our review:

> WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF ITS DISCRETION IN GRANTING THE MOTION OF [APPELLEE] FOR POST-TRIAL RELIEF AND THEREBY OVERTURNING THE JUNE 27, 2018 VERDICT OF ZERO ($0) BY THE JURY AND GRANTING [APPELLEE] A NEW TRIAL WHERE THE JURY HAD A COPIOUS AMOUNT OF COMPELLING EVIDENCE BEFORE IT TO QUESTION THE CREDIBILITY OF [APPELLEE]…AND/OR TO SUPPORT ITS DECISION THAT [APPELLEE] DID NOT SUSTAIN ANY COMPENSABLE INJURY SUCH THAT THE

JURY'S VERDICT DID NOT SHOCK ONE'S SENSE OF JUSTICE AND WAS NOT AGAINST THE WEIGHT OF THE EVIDENCE, AND WHERE THE TRIAL COURT IGNORED ALL OF THIS COMPELLING EVIDENCE IN ITS DECISION TO SUBSTITUTE ITS OWN JUDGMENT IN THE PLACE OF THE JURY'S CONSIDERED VERDICT IN A MANIFESTLY UNREASONABLE MANNER.

(State Farm's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable James A. Gibbons, we conclude Appellant's issue merits no relief. The trial court opinions comprehensively discuss and properly dispose of the question presented. (**See** Trial Court Opinion, filed March 7, 2019, at 1-2) (relying on Post-Trial Motion Memorandum and Order, filed January 24, 2019, at 3-7) (finding: Appellee was involved in automobile collision; Appellee's and State Farm's medical experts agreed Appellee sustained neck muscle injury that required ongoing treatment; this type of injury normally involves pain and suffering; based on experts' testimony, jury had no reason to think Appellee suffered no pain; absent evidence of any pre-existing condition or prior injury that would have caused Appellee's pain, jury's decision to disregard uncontested evidence of Appellee's injury and award $0 in damages for pain and suffering bore no rational relationship to evidence presented at trial; jury's verdict was contrary to weight of evidence, warranting new trial on damages). Accordingly, we affirm based on the trial court opinions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/01/2019</u>



| MATTHEW D. SINGER | : | In the Court of Common Pleas of |
|---|---|---|
| Plaintiff | : | Lackawanna County |
| v. | : | |
| | : | Civil Division |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE COMPANY | : | |
| | : | |
| Defendant | : | No. 2015-CV-2859 |

**MEMORANDUM & ORDER**

GIBBONS, J.

### I.    Background

This matter arises from a motor vehicle accident that occurred on June 24, 2011 on Route 507 in Palmyra Township, Pike County, Pennsylvania. Plaintiff, Matthew Singer was operating a 2005 Honda Accord and was traveling in a southerly direction on Route 507 when the tortfeasor, Tamara Swingle, who was traveling directly behind the Plaintiff on Route 507 contacted the rear of the Plaintiff's vehicle. At the time of the accident Plaintiff was insured under an automobile policy issued by Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") which provided Plaintiff with coverage for underinsured motorist benefits. Plaintiff settled his claim against the third party tortfeasor and then proceeded to pursue a claim for underinsured motorist benefits under the State Farm policy. The parties were unable to resolve the UIM claim, and the matter proceeded to trial here on June 25, 26 and 27, 2018.

At trial, Plaintiff presented the testimony of Plaintiff, Matthew Singer, as well as Dr. Cheryl Bernstein, Plaintiff's treating pain management specialist; William Fetter, Ph.D., Plaintiff's treating psychologist; and Dr. Michael Drass, a pain management specialist who had been engaged by State Farm to conduct a peer review of treatment provided by Dr. Bernstein.

1



CERTIFIED FROM THE RECORD

MAR 15 2019

CLERK OF JUDICIAL RECORDS
MAURI B. KELLY

The defense presented testimony of defense medical expert, Dr. Daniel Bursick, a neurosurgeon who had been hired by State Farm to perform an Independent Medical Evaluation; and Carley Cotteta, an investigator with Insight Investigation. Following the presentation of evidence and arguments, the jury returned a verdict awarding zero (0) dollars to the Plaintiff for non-economic damages.[1]

Plaintiff filed the instant Motion for Post-Trial Relief on July 3, 2018 seeking the jury's verdict to be set aside and a new trial to be awarded, and Defendant responded in opposition to Plaintiff's motion on July 27, 2018. All Parties submitted briefs on the issue. Oral Arguments on the Plaintiff's motions were heard on August 23, 2018 and the matters are ripe for decision. For the following reasons, the Plaintiff's Motion for Post-Trial Relief is granted.

## II.    Standard of Review

Rule 227.1 of the Pennsylvania Rules of Civil Procedure states that "[a]fter trial and upon the written Motion for Post-Trial Relief filed by any party, the court may order a new trial as to all or any of the issues." Pa.R.C.P. No. 227.1(a)(1). A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it "shocks one's sense of justice." *Neison v. Hines*, 653 A.2d 634, 636 (Pa. 1995). It is the responsibility of the jury to assess the testimony and to accept or reject the estimates given by witnesses, and "[i]f the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for the jury's." *Elza v. Chovan*, 152 A.2d 238, 240 (Pa. 1959). The jury is free to believe all, some, or none of the testimony presented by a witness. *Neison*, 653 A.2d at 637. This is "tempered by the requirement that the verdict must not be a product of passion, prejudice, partiality, or corruption, or must bear some reasonable relation to the loss suffered by the

---

[1] The issues of liability and causation are not submitted to the jury for determination.

plaintiff as demonstrated by uncontroverted evidence presented at trial." *Id; see Elza,* 152 A.2d at 240. "The synthesis of these conflicting rules is that a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic." *Id.* There should be nothing difficult about a decision to grant a new trial for inadequacy of a jury verdict: "the injustice of the verdict should stand forth like a beacon." *Elza,* 152 A.2d at 241.

### III. Discussion

In this instance, Plaintiff seeks a new trial because the jury's verdict award of zero (0) dollars for pain and suffering bears no rational relationship to the evidence produced at trial, and defies common sense and is indeed shocking.

### a. Granting a New Trial Where a Jury Fails to Award Damages for Pain and Suffering

As a general proposition, victims must be compensated for all that they suffer from the tort of another. *Boggavarapu v. Ponist,* 542 A.2d 516, 518 (1988) (citing *Spangler v. Helm's New York–Pittsburgh Motor Exp.,* 153 A.2d 490 (1959)). A jury award can be set aside as inadequate where "it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff." *Burnhauser v. Bumberger,* 745 A.2d 1256, 1261 (Pa. Super. 2000). When a jury awards medical expenses, but declines to award damages for pain and suffering, the award may be inconsistent because pain usually follows injury. *Davis v. Mullen,* 773 A.2d 764, 769–70 (Pa. 2001).

The Supreme Court has upheld the authority of trial courts to order new trials where the jury's award of medical expenses, without awarding damages for pain and suffering, was inconsistent and totally inadequate. *Davis,* 773 A.2d at 767. On this issue however, the Supreme Court has given seemingly inconsistent holdings. The Court has affirmed trial court decisions

3

granting new trials where juries awarded medical expenses but awarded no damages for pain and suffering. *See e.g., Todd v. Bercini*, 92 A.2d 538 (Pa. 1952) and *Yacabonis v. Gilvickas*,101 A.2d 690 (Pa. 1954). The Court has also upheld jury verdicts awarding medical expenses without corresponding awards for pain and suffering. *See e.g., Catalano v. Bujak*, 642 A.2d 448 (Pa. 1994), and *Boggavarapu v. Ponist*, 542 A.2d 516 (Pa. 1988).

In *Davis*, the Court synthesized these holdings, ruling that a jury's award of medical expenses without compensation for pain and suffering should not be disturbed where the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering, or (2) that a preexisting condition or injury was the sole cause of the alleged pain and suffering. *Davis*, 773 A.2d at 767.

### b. Compensable Pain

In cases where "a defendant concedes liability and his or her expert concedes injury resulting from an accident that would reasonably be expected to cause compensable pain and suffering, the jury's verdict is against the weight of the evidence where it finds for the defendant." *Majczyk v. Oesch*, 789 A.2d 717, 722 (Pa. Super. 2001). "The existence of compensable pain is an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain." *Davis*, 773 A.2d at 769.

In *Boggavarapu*, the Court found that human experience teaches everyone that there are some obvious injuries which always have accompanying pain, and a jury may not disregard such pain. *Boggavarapu*, 542 A.2d at 518. The Court listed examples of those injuries: "the broken bone, the stretched muscle, twist of the skeletal system, injury to a nerve, organ or their function, and all the consequences of any injury traceable by medical science and common experience as sources of pain and suffering." *Id.* However, in other instances where there is no such objective

4

injury, pain may be subjective, and if believed is compensable, however jurors are not compelled to find pain where there was no objective injury. *Id.* at 518-19.

In *Neison v. Hines*, the plaintiff was injured in a car accident caused by the defendant's negligence and filed suit alleging personal injury. 653 A.2d at 637. Liability was admitted and at trial plaintiff offered two doctors who testified that the plaintiff suffered inflammation of the muscle tissue, and cervical strain as a result of the car accident. *Id.* The defendant's own expert also testified that the plaintiff suffered a neck sprain and a scapular or shoulder blade sprain as a result of the accident. *Id.* The jury returned a verdict in favor of the defendant, awarding no damages to the plaintiff. *Id.* at 636. The plaintiff filed post-trial motions seeking a new trial on the basis that the jury verdict was contrary to the instructions of the court and/or was contrary to the evidence. *Id.* The trial court granted a new trial and defendant appealed to the Superior Court which reversed. *Id.* The Supreme Court granted allocatur and found, in light of the uncontested evidence that plaintiff suffered soft tissue injuries as a result of the accident, the trial court did not abuse its discretion in granting a new trial. *Id.* at 637–38.

In reaching its decision, the Court found that in a severe automobile collision, such as the collision which occurred in that case, common sense would dictate that severe and painful injuries would be a result. *Id.* at 638. The Court found that plaintiff's injuries were the type that obviously caused pain rather than a subjective complaint of pain, and further both plaintiff's experts and the defendant's expert agreed on the injuries suffered. *Id.* at 638–39. Because of the fact that Ms. Neison suffered from objective injuries that were not "vigorously contested," the Court found that the jury was not free to disregard them. *Id.* at 639. Thus the jury's decision to award no damages for pain and suffering "bears no rational relationship to the evidence produced

5

at trial...to disbelieve all the evidence presented during the trial defies common sense and is indeed shocking." *Id.*

In this case, Mr. Singer was involved in a serious automobile collision and it was uncontested by both Plaintiff's experts and Defendant's expert that Mr. Singer sustained a neck muscle strain and sprain as a result of the collision. Plaintiff's expert, Dr. Cheryl Bernstein testified via video deposition at trial that her diagnosis "is chronic cervicalgia or chronic cervical myofascial pain with pain flares." Exhibit A, Notes of Testimony ("N.T."), June 19, 2018, p. 28. Dr. William J. Fetter, the Plaintiff's psychologist also testified via video deposition at trial that Mr. Singer suffered from depression and "[t]he cause of the depression was the pain...I can understand that the pain was caused by the accident." Exhibit B, N.T. 06/8/18, p.34. Dr. Michael Drass, a pain management specialist retained by the Defendant to perform a peer review of Dr. Bernstein's treatment of the Plaintiff, testified via video deposition that "the treatment rendered by Dr. Bernstein and the other physicians involved in his care was medically reasonably necessary. And I was also of the opinion that he would continue to need ongoing treatment." Exhibit C, N.T., 06/19/18, p. 14-20. Defendant's own expert, Dr. Daniel Bursick, a neurosurgeon who performed an IME on the Plaintiff testified via video deposition at trial "[m]y opinion is Mr. Singer had a minor flexion/extension neck sprain injury at the time of the accident." Exhibit D, N.T., 06/18/18, p.47. He also testified that this injury sustained by the Plaintiff would take six to twelve months to resolve. *Id.* at p. 59.

All medical experts at trial agreed that Mr. Singer sustained a neck muscle injury that required ongoing treatment as a result of the automobile collision. As the Court found in *Boggavarapu*, this is the type of objective injury that normally involves pain and suffering. Based on the experts' testimony, the jury had no reason to believe Mr. Singer did not suffer pain

and there was no evidence that Mr. Singer had a preexisting condition or injury prior to the accident which would have been the cause of his pain. The jury's decision to disregard the uncontested evidence of the Plaintiff's injury and award zero (0) dollars for pain and suffering bears no rational relationship to the evidence produced at trial. Therefore, the jury's verdict is contrary to the weight of the evidence and is set aside; a new trial is awarded.

## IV. Conclusion

For the foregoing reasons, we will grant the Plaintiff's Motion for Post-Trial Relief. An appropriate Order follows.

7

| MATTHEW D. SINGER | : | In the Court of Common Pleas of |
| | : | Lackawanna County |
| Plaintiff | : | |
| v. | : | |
| | : | Civil Division |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE COMPANY | : | |
| | : | |
| Defendant | : | No. 2015-CV-2859 |

2019 JAN 24 P 1: 24
CLERKS OF JUDICIAL
RECORDS CIVIL DIVISION
MAURI B. KELLY
LACKAWANNA COUNTY

## ORDER

GIBBONS, J.

**NOW**, this 24th day of January, 2019, upon consideration of Plaintiff's Motion, the Defendant's response thereto, briefs submitted by both parties, and oral argument, it is hereby **ORDERED** that the Motion for Post Trial Relief filed by Plaintiff Matthew D. Singer in the above captioned matter is **GRANTED**.

BY THE COURT

James A. Gibbons
Lackawanna County Court of Common Pleas

cc: *Written notice of the entry of the foregoing Order has been provided to each party by mailing time-stamped copies to:*

For Plaintiff:     Kevin M. Conaboy, Esq.
                   Abrahamsen, Conaboy & Abrahamsen, P.C.
                   1006 Pittston Avenue
                   Scranton, PA 18505

                   kconaboy@law-aca.com


For Defendant:     Stephen T. Kopko, Esq.
                   Foley, Comerford & Cummins
                   700 Electric Building
                   507 Linden Street
                   Scranton, PA 18503

                   Stephen.t.kopko@gmail.com

| | | |
|---|---|---|
| MATTHEW D. SINGER, | : | In the Court of Common Pleas |
| *Plaintiff,* | : | of Lackawanna County |
| | : | |
| vs. | : | |
| | : | Civil Action – Law |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY, | : | |
| *Defendant.* | : | 2015-CV-2859 |

## Pa.R.A.P. 1925(a) OPINION

We issue this Opinion under Pa.R.A.P. 1925(a)(2)(ii) with regard to Defendant State Farm Automobile Insurance Company's appeal of our January 24, 2019 Memorandum and Order granting Plaintiff's Motion for Post-Trial Relief and awarding him a new trial.

This matter arises out of a motor vehicle accident on June 24, 2011. Plaintiff was insured under an automobile insurance policy issued by Defendant, State Farm Mutual Automobile Insurance Company, which provided Plaintiff with coverage for underinsured motorist benefits. Plaintiff settled his claim against a third-party tortfeasor but was unable to resolve the UIM claim with Defendant. The matter proceeded to a jury trial on June 25, 2018. At trial, liability was not at issue and the sole question presented for the jury's consideration was the amount of damages.

After three days of evidence and argument, the jury returned a verdict awarding zero "0" dollars to the Plaintiff for non-economic damages on June 27, 2018.

Plaintiff filed his Motion for Post-Trial Relief on July 3, 2018 seeking the jury's verdict to be set aside and a new trial be awarded. Defendant filed its opposition to Plaintiff's Motion on July 27, 2018. After review of the submissions of the parties and oral argument, this Court, in its Memorandum and Order of January 24, 2019, granted Plaintiff's post-trial motion.

Defendant filed its Notice of Appeal on February 6, 2019 and its Concise Statement of Matters Complained of on Appeal on February 28, 2019.



CERTIFIED FROM THE RECORD

MAR 15 2019

CLERK OF JUDICIAL RECORDS
MAURI B. KELLY

Because the reasons for the Order that Defendant now appeals are set forth in our January 24, 2019 Memorandum and Order granting Plaintiff's Motion for Post Trial Relief, we will not revisit the issues here.

BY THE COURT:

_____, J.
James A. Gibbons

cc: *Written notice of the entry of the foregoing Order has been provided to each party pursuant to Pa. R. Civ. P. 236 (a)(2) by mailing time-stamped copies to:*

Kevin M. Conaboy, Esquire
Kconaboy@law-aca.com
***Counsel for Plaintiff***

Stephen T. Kopko, Esquire
Stephen.t.kopko@gmail.com
Daniel E. Cummins, Esquire
dancummins@comcast.net
***Counsel for Defendant***

2