NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2128
_____

LEON BOCZKOWSKI; JANE BARRETT,
Appellants

v.

UNITED STATES POSTAL SERVICE; DONNA SHUDER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-19-cv-02224)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 29, 2022

Before: HARDIMAN, RENDELL and FISHER, *Circuit Judges*.

(Filed: May 17, 2022)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

In 2017, a United States Postal Service truck rear-ended a car in Ashland,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pennsylvania. The driver of the car, Leon Boczkowski, and his passenger, Jane Barrett, sued the Postal Service for negligence under the Federal Tort Claims Act. After a bench trial, the District Court entered an approximately $1,200 judgment for the plaintiffs. This award compensated them for their out-of-pocket medical expenses, but not for pain and suffering, missed work, or their time and mileage to attend appointments with their chiropractor. Boczkowski and Barrett appeal. We will affirm.[1]

Boczkowski and Barrett argue the District Court erred by awarding zero damages for pain and suffering. Under Pennsylvania law, which applies to this action,[2] an award for pain and suffering was not mandatory. This is demonstrated by a Pennsylvania Superior Court case where the plaintiff's car was stopped and the defendant's car rear-ended it at less than five miles per hour.[3] The Superior Court held that, although the plaintiff sustained minor injuries, the jury was permitted to render a verdict for the defendant.[4] "[W]hile the jury may have concluded that [the plaintiff] suffered some painful inconvenience for a few days or weeks after the accident, it may also have concluded that [the plaintiff's] discomfort was the sort of transient rub of life for which

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1346(b) (United States as defendant). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts). On appeal after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law on a plenary basis. *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, 870 F.3d 244, 253 (3d Cir. 2017).

[2] *See DeJesus v. U.S. Dep't of Veterans Affairs*, 479 F.3d 271, 279 (3d Cir. 2007).

[3] *Majczyk v. Oesch*, 789 A.2d 717, 719–20 (Pa. Super. Ct. 2001). In other words, *Majczyk*, like this case, involved "a slow-moving fender bender." App. 32.

[4] *See Majczyk*, 789 A.2d at 725.

compensation is not warranted."[5] According to the Superior Court, "the determination of what is a compensable injury is uniquely within the purview of the [factfinder]."[6] Here, it was similarly permissible for the District Court to conclude that no damages were warranted for pain and suffering.

Plaintiffs argue the award contravenes Pennsylvania's Motor Vehicle Financial Responsibility Law, but the statute they cite provides only that an individual with "full tort" insurance "remains eligible to seek compensation for noneconomic loss" including pain and suffering.[7] The statute says nothing about when damages may or must be awarded.

Plaintiffs also argue the District Court improperly minimized the weight of their chiropractor's testimony, substituting its own day-to-day experience. In support, they cite the Chiropractic Practice Act, but that statute merely defines terms such as "chiropractic" and "chiropractor"[8]—it has no bearing on the weight to be assigned to a chiropractor's testimony. The District Court found that plaintiffs each visited the chiropractor more than forty times after the accident and that Boczkowski may have fractured his rib. Based on these findings and others, it concluded that both plaintiffs suffered injury as a result of the collision. But the Court also found that there was no sign of injury immediately after the

---

[5] *Id.* at 726.
[6] *See id.*
[7] 75 Pa. Cons. Stat. § 1705(a)(1), (c).
[8] 63 Pa. Stat. § 625.102.

accident, plaintiffs sought only chiropractic treatment, Boczkowski took only over-the-counter pain medication, and Boczkowski had a degenerative back condition. These findings are supported by the record and thus are not clearly erroneous.[9] The District Court did not err by taking day-to-day experience into account along with the treating chiropractor's testimony.[10]

Plaintiffs also contend the award was erroneous because the government did not present any evidence controverting their testimony or the chiropractor's. But the lack of countervailing evidence did not require the District Court to fully credit plaintiffs' evidence about the extent of their injuries and pain. A factfinder "is always free to believe all, part, some, or none of the evidence presented."[11]

Finally, the District Court did not err by awarding no damages for Barrett's one day of missed work and assignment to light duty. The plaintiff bears the burden of establishing damages,[12] and Barrett did not present any evidence of how much money she lost due to the missed work and light duty assignment.

---

[9] Under "the familiar clearly erroneous rule," we "accept the ultimate factual determination of the fact-finder unless that determination either is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Hoots v. Pennsylvania*, 703 F.2d 722, 725 (3d Cir. 1983).

[10] *See Boggavarapu v. Ponist*, 542 A.2d 516, 518–19 (Pa. 1988) ("[H]uman experience teaches there is accompanying pain" for some injuries, but "it is not a fact of human experience that *every* tort produces *compensable* pain.").

[11] *See Majczyk*, 789 A.2d at 725–26.

[12] *Summers v. Giant Food Stores, Inc.*, 743 A.2d 498, 506 (Pa. Super. Ct. 1999).

For these reasons, we will affirm.