## Colon v. Rapoport

*Andrew R. Spirit,* for plaintiff.

*Heather E. Hansen, Christy L. Williamson, Robert E. Dillon, Amalia V. Romanowicz, Barri A. Orlow, Donald J. Brooks, Jr., Melissa L. Mazur* and *Francis J. Greek,* for defendants.

JACKSON, *J.,* June 13, 2014—

## I. FACTUAL BACKGROUND and PROCEDURAL HISTORY

On June, 2010, Ms. Emeline Colon elected to undergo a bunionectomy procedure by Neil R. Rapoport, D.P.M. She developed an infection in the pin tract which was treated by antibiotics, however, the pain and swelling continued. A bone biopsy confirmed in September, 2010 that ostemyelitis had developed. Following several surgeries on her right foot, Ms. Colon lost part of her big toe. The big toe joint was fused.

In October, 2011, plaintiff-Colon initiated this medical malpractice litigation against Dr. Rapoport and his professional partner, David G. Geltzer, D.P.M. After a

weeklong jury trial, on February 4, 2014, plaintiff-Colon was awarded $81,500.00, against defendant-Rapoport only. Dr. Geltzer was found not liable.

The plaintiff filed a motion for post-trial relief seeking a new trial limited to the issue of damages, or, in the alterative additur. The parties submitted memoranda of law and oral argument was held on June 11, 2014. For the reasons set forth below this court concludes that the plaintiff's motion for post-trial relief is denied. The unopposed motion for delay damages is granted. Judgment will be entered in the amount of $85,865.27 in favor of Emeline Colon.

## II. LEGAL DISCUSSION

### A. A Jury is Free to Believe All or Part or None of the Evidence

The underlying bases for all of plaintiff-Colon's post-trial argument is that the award of damages is inadequate. Our case law has consistently held that the jury must believe that a plaintiff suffers pain before it may compensate for pain. *Boggavarapu v. Ponist*, 542 A.2d 516 (Pa. 1988); *Matheny v. West Shore Country Club*, 648 A.2d 24 (Pa. Superior Ct. 1994). This is not a case involving an award of no damages.

A review of the itemized verdict sheet and the responses to the special interrogatories makes it clear that the jury understood the serious and permanent nature of plaintiff-Colon's situation, however, the jury was not persuaded that she plans to undergo future surgeries or related physical therapy. *See* Court Exhibit "A", attached hereto.

### B. Economic Loss

The parties stipulated that the reasonable value of

plaintiff-Colon's past medical surgeries was $21,794.00. The jury awarded $23,000.00 to Emeline Colon for Past Medical Expenses.

Dr. Steven F. Boc, plaintiff's treating podiatrist, testified that the one-time cost for a future surgery would be a $15,000.00 hospital fee and a $7,500.00 surgical fee. January 29, 2014, N.T. 104. He went on to explain his patient's concerns about whether to endure the procedures in the future at N.T. 105-106:

"Plaintiff's Counsel: Now, the surgery that has been given as an option, when you and Miss Colon had many a heart to heart conversation, what was the feeling of Miss Colon as far as having it?

Dr. Boc: I mean, trepidation is a good word, and some fear, she recognizes that if we go back in and we do grafting and things like that, and we fail, or it gets reinfected, then the amputation will be more likely than not, at this time. So, I think her fear is having to undergo through — undergo more surgery, still risk potential complications, every surgery has complications, obviously, but even more so in a case like hers, and a risk factor that could lead to her still developing the need for an amputation.

Plaintiff's Counsel: Reasonable fear, going into that surgery?

Dr. Boc: Yes, it is."

Plaintiff-Colon shared with the jury her "trepidation" and concerns about future surgeries when she testified on January 30, 2014, N.T. 57-60:

"Plaintiff's Counsel: And did you ever — you

mentioned before, and you got ahead of me because you're quicker, about whether or not you're better, or you need further surgery, and I want to talk to you about that.

Ms. Colon: Okay.

Plaintiff's Counsel: And what's your understanding as far as what your surgical options, or treatment options are at this point.

Ms. Colon: He wants to remove a bone from my hip to put it on my toe, if it will work, and it will take, because the bone that they gave me from the dead did not take...

Plaintiff's Counsel: Now, what's your feeling, you said they take a bone from your hip. What are you thinking, as far as having that surgery? Have you ever scheduled it? Are you going to have it? Tell us.

Ms. Colon: We scheduled it twice, but I backed off, I am scared. I don't want to get it done.

Plaintiff's Counsel: And you say you don't want to get it done. Do you anticipate a time where you might, or what's your thinking as far as having it?

Ms. Colon: I know eventually I am going to have to get it done. But right now I really don't think I want to go through all that I went through. My son needs me.

Plaintiff's Counsel: And you say eventually you're going to have to get it done.

Ms. Colon: Yes.

Plaintiff's Counsel: Do you have any specific plans, or tell us what you mean by eventually?

Ms. Colon: Dr. Boc said that I am going to have to eventually make up my mind and get it done, because it hurts. So, do I rather go through the whole rest of my life with it in pain, or get the surgery done, and take the chance of even losing my length even more than what it is now."

The jury considered Dr. Boc's opinion that plaintiff-Colon would need $1,500.00 per year for medical care and treatment in the future. They awarded $1,500.00 for each of the next five years (2014-2018). They also determined that treatments would continue, but at a lesser rate and awarded Ms. Colon $500.00 per year for future medical expenses for twelve years thereafter (2019-2030). This court is unable to conclude that the analysis was arbitrary or capricious. Rather, the per annum award reflects thoughtful consideration of Ms. Colon's diminishing future medical economic losses.

C. Non-Economic Losses

Plaintiff-Colon has presented arithmetic formulas as a basis for her calculations that the award for non-economic damages is too low, as compared to the economic damage award. The Pennsylvania Supreme Court held many years ago that the particular amount of money expended on medical treatment is not probative of a plaintiff's pain and suffering. In *Martin v. Soblotney*, 466 A.2d 1022 (Pa. 1983) at 1025:

"It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury. First, the mere dollar amount assigned

to medical services masks the difference in severity between various types of injuries. A very painful injury may be untreatable, or, on the other hand, may require simpler and less costly treatment than a less painful one. The same disparity in treatment may exist between different but equally painful injuries. Second, given identical injuries, the method or extent of treatment sought by the patient or prescribed by the physician may vary from patient to patient and from physician to physician. Third, even where injury and treatment are identical, the reasonable value of that treatment may vary considerably depending upon the medical facility and community in which care is provided and the rates of physicians and other health care personnel involved. Finally, even given identical injuries, treatment and cost, the fact remains that pain is subjective and varies from individual to individual."

Ms. Colon walks with a limp and she still has some pain. She no longer uses a walker. January 30, 2014, N.T. 87-88. She is mobile and drives a car. January 30, 2014, N.T. 63-65. The disfigurement and scarring is mitigated when the plaintiff wears a boot or shoes. This court is unable to conclude that the award of $28,000.00 for non-economic damages is a beacon of injustice.

D. Delay Damages

Plaintiff-Colon filed a petition for delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure. By correspondence dated March 3, 2014, and confirmed on June 11, 2014, defendant-Rapoport indicated no opposition to this motion (Control No. 14022312). Accordingly, delay damages in the amount of $4,365.27 will be added to the verdict award.

## III. CONCLUSION

For all of the reasons set forth above, the plaintiff's motion for new trial and/or additur is denied and the motion for delay damages is granted.

### JUDGMENT ORDER

And now, this 13th day of June, 2014, after considering the motion for post-trial relief filed by plaintiff Emeline Colon, and the responses thereto, and after oral argument held June 11, 2014, and for the reasons set forth in the memorandum filed this date, it is hereby ordered that plaintiff's motion for post-trial relief is denied, and, plaintiff's unopposed petition for delay damages is granted, and, judgment is entered in favor of Emeline Colon in the amount of Eighty Five Thousand Eight Hundred and Sixty Five Dollars and Twenty Seven Cents ($85,865.27).