

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2005

# Whichard v. Bayloy

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3210

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Whichard v. Bayloy" (2005). *2005 Decisions*. Paper 408.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/408

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3210
_____

MAURICE KING WHICHARD

v.

K. BAYLOY; COOPER; CLIFFORD COOPER; KENWIN BAYLOR

Maurice Whichard,
Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 01-CV-00148)
District Judge: Honorable Bruce W. Kauffman
_____

Submitted Under Third Circuit LAR 34.1(a)
October 12, 2005

Before:  VAN ANTWERPEN, GREENBERG and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed:  October 14, 2005)

_____

OPINION
_____

PER CURIAM

Maurice King Whichard commenced this civil rights action by filing a pro se complaint in the United States District Court for the Eastern District of Pennsylvania in which he alleged that he was punched, kicked and sprayed with pepper spray by prison guards while he was being held as a pretrial detainee at Curran Fromhold Correctional Facility. The District Court later appointed counsel, and the matter proceeded to trial against two defendants on claims of excessive force, civil conspiracy, retaliation, assault and battery, malicious prosecution and intentional infliction of emotional distress. The jury completed a verdict sheet in favor of defendants on all claims, except that it found that Correctional Officer Kenwin Baylor had committed assault and battery against Whichard. The jury form indicates that it found that Whichard suffered damages as a result of the assault and battery. In answer to question 4(b) on the form asking "what is the amount of money, if any, which will compensate Plaintiff for damages suffered as a result of the assault?," the jury wrote "$0." Whichard's trial counsel filed a timely notice of appeal and withdrew his appearance. We have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Whichard raises one claim: that he was not awarded compensatory damages, damages for pain and suffering, nominal damages or punitive damages. In their supplemental brief,[1] appellees argue that this Court should affirm the District Court's

_____

[1] At the time the parties filed their initial briefs, no trial transcript had been prepared. Subsequently, the District Court granted Whichard's motion for transcripts and transcripts were prepared. We then gave the parties 21 days to file supplemental briefs. The appellees filed a supplemental brief, but Whichard did not.

entry of judgment in accordance with the jury verdict awarding Whichard zero damages, because of the minimal injuries Whichard suffered as a result of Officer Baylor's assault and battery.

Under Pennsylvania law, which governs the assault and battery claim, the determination of whether any pain suffered by a plaintiff is compensable is generally to be left for the jury. Van Kirk v. O'Toole, 857 A.2d 183, 186 (Pa. Super. 2004). "The test of whether a zero verdict can be upheld [is] whether the uncontroverted injuries are such that a conclusion that they are so minor that no compensation is warranted defies common sense and logic." Id. at 185. The evidence here showed that Whichard received only a minor or superficial laceration with minor bleeding.[2] The only treatment required for the laceration was a steri-strip. The jury may have believed that any of Whichard's injuries that were caused by Baylor's assault and battery were so minor as to be "a transient rub of life and living," and thus not compensable.[3] See Boggavarapu v. E. Suburban Health Ctr., 542 A.2d 516, 518 (1988). See First Union Commercial Corp. v. GATX Capital Corp., 411 F.3d 551, 556 (4th Cir. 2005) (jury's damage award not reviewable "unless unconscionable or motivated by extreme prejudice."). We will therefore affirm the District Court's judgment.

---

[2] While Whichard also experienced burning eyes due to the pepper spray, the jury did not find any liability for use of the pepper spray; thus no damages resulting from its use are at issue.

[3] The jury also may have believed that Whichard's injuries were due to such force that Baylor used justifiably to enforce prison regulations or protect himself or others.