J-A01026-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| PATRICIA A. RICCIUTI AND DOMENIC RICCIUTI, HER HUSBAND, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| ESTATE OF STEPHEN C. POHLMAN, DECEASED, BY ADMINISTRATRIX MARY ANN LEWIS, | : | |
| | : | |
| Appellee | : | No. 706 WDA 2014 |

Appeal from the Judgment entered April 24, 2014,
Court of Common Pleas, Allegheny County,
Civil Division at No. G.D. 12-007596

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED FEBRUARY 18, 2015**

Patricia A. Ricciuti and Domenic Ricciuti ("Appellants") appeal from the judgment entered following a personal injury trial in which the appellee, the Estate of Stephen C. Pohlman ("the Estate"), admitted liability and the only issue before the jury was damages. Following our review, we affirm.

The relevant factual and procedural histories may be summarized as follows. On May 3, 2010, Patricia Ricciuti was driving her vehicle, a Chevrolet Yukon, with her friend in the passenger seat, when a car driven by Stephen Pohlman approached from the other direction. Mr. Pohlman's vehicle crossed into Ms. Ricciuti's lane of travel and struck a barrier before striking the passenger side of Ms. Ricciuti's vehicle. The side airbags in Ms. Ricciuti's vehicle deployed. When emergency services arrived on the scene

of the accident, Ms. Ricciuti was found standing outside of her vehicle with no visible injuries but complained of pain in her neck and left side. She was taken to Allegheny General Hospital and admitted overnight. While in the hospital, she was subject to a battery of tests, including a neuropsychological exam.

After being discharged from the hospital, Ms. Ricciuti suffered headaches, dizziness, and weakness, as well as pain in her neck, back and side. She treated with her chiropractor, with whom she had an existing relationship because of a pre-existing back condition, and her primary care physician. At her physician's suggestion, Ms. Ricciuti was evaluated by a neurologist. At the neurologist's suggestion, she was evaluated by a neurosurgeon. Ms. Riccuiti treated her pain with Tylenol and Advil, which she found adequate to relieve the pain. Prior to the accident, Ms. Ricciuti worked in the office of her husband's construction company as an accountant between three and five days a week, for approximately eight hours a day. She regularly walked for exercise and golfed in a league with friends. After the accident, Ms. Riccuiti was not able to golf for approximately two months. She returned to work within days of being released from the hospital.

In June 2012, Appellants filed a complaint against the Estate alleging negligence and seeking compensation for pain and suffering, lost income, loss of the enjoyment of life, medical expenses and emotional distress.

Complaint, 6/4/12, at 3. As noted above, the Estate conceded liability and the parties proceeded to trial on the issue of damages only. At trial, Appellants, Barbara Vento and Randall Robins[1] testified to the difference in Ms. Ricciuti's personal and professional lives since the accident. Their expert witness, neurologist Stephen Shymansky, M.D., testified that Ms. Ricciuti suffered a mild concussion in the accident. The Estate presented only the testimony of their expert witness, Richard Kasdan, M.D., who is also a neurologist. The jury initially returned a verdict of zero dollars. The trial court found this to be an "improper and incomplete" verdict. N.T., 1/31/14, at 172. Following instructions to award a dollar amount for each item delineated on the verdict slip, the jury returned a verdict awarding Appellants one dollar each for past pain and suffering, future pain and suffering, loss of enjoyment of life, embarrassment and humiliation, and loss of consortium, for a total judgment of five dollars. Jury Verdict form, 1/31/14, at 2. Appellants filed post-trial motion, arguing that the verdict was against the weight of the evidence. Following argument on this issue and the submission of briefs by both parties, the trial court denied Appellants' motion. This timely appeal follows.

---

[1] Barbara Vento is Ms. Ricciuti's life-long friend and was the passenger in her vehicle when the accident occurred. Randall Robins is an employee in Mr. Ricciuti's construction business and has worked in its office with Ms. Ricciuti for many years.

On appeal, Appellants ask "[w]hether the trial court committed a clear abuse of discretion in denying [Appellants'] [m]otion for a [n]ew [t]rial in a case where the jury verdict was against the weight of the evidence and bore no reasonable relationship to the evidence." Appellants' Brief at 2. It is Appellants' contention that the miniscule verdict bears no relation to uncontroverted evidence of injury and resulting pain suffered by Ms. Ricciuti, and therefore, it is against the weight of the evidence. *Id.* at 15.

> A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial. Upon review, the test is not whether this Court would have reached the same result on the evidence presented, but, rather, after due consideration of the evidence found credible by the fact-finder, and viewing the evidence in the light most favorable to the verdict winner, whether the court could reasonably have reached its conclusion. Our standard of review in denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion.
>
> We stress that if there is any support in the record for the trial court's decision to deny the appellant's motion for a new trial based on weight of the evidence, then we must affirm.

*Joseph v. Scranton Times, L.P.*, 89 A.3d 251, 274 (Pa. Super. 2014) (citation omitted).

Our law provides that not every pain suffered is compensable and "[g]enerally, the determination of whether the pain is severe enough to be

compensable is to be left to the jury." **Van Kirk v. O'Toole**, 857 A.2d 183, 186 (Pa. Super. 2004). Expanding on this notion, this Court stated:

> The extreme cases are easy. If someone trips over a box left negligently in a store aisle and suffers a compound fracture of the arm, that certainly causes enough pain so that a jury verdict of zero damages is unreasonable and should be set aside. If, however, all that happens is that a person stubs a toe, which produces momentary shooting pains, a zero damage verdict makes perfect sense. Obviously, it is the vast area in the middle that causes problems.

*Id.*

When determining whether a verdict is against the weight of the evidence, the trial court must consider the nature of the evidence; that is, whether the evidence of the injury is objective or subjective:

> Of course, the jury is free to disbelieve the plaintiff's subjective complaints, any diagnoses based on subjective complaints, and the plaintiff's doctor's opinions and conclusions. However, when the defense doctor makes a diagnosis not based on the subjective reports by the plaintiff, they become uncontroverted injuries that must be credited by the jury.
>
> ***
>
> [I]f the defense expert concurs with the opinion of the plaintiff's expert only because of subjective complaints of the plaintiff, and the defense convinces the jury that the plaintiff was not truthful, the basis of both of these diagnoses might fail and a zero verdict would be appropriate. Likewise, the defense does not even have to call a defense expert if it can successfully challenge the credibility of the plaintiff and his doctors on cross-examination.

*Id.* at 185-86.

In this instance, the trial court found that evidence of injury was subjective, as "[a]ll objective testing of [Ms. Ricciuti] was negative" and therefore that the jury could "draw its [own] conclusion regarding the scope of [Ms. Ricciuti's] injuries based on the testimony presented." Trial Court Opinion, 7/21/14, at 1-2. We find no error in this determination. From our review of the record, we agree that the complained-of injuries are supported only by Ms. Ricciuti's subjective complaints. All of the physical examinations and imaging performed on Ms. Riccuiti revealed no injury. The physical examination, x-rays, brain scan, neurological assessment and neuropsychological testing performed at the hospital revealed no injury. N.T., 1/22/14, at 12, 46. Dr. Shymansky sent Ms. Ricciuti for an MRI of her brain and spine because of her complaints of headaches, memory and sensory issues, that latter of which he believed could have been consistent with a pinched nerve. *Id.* at 18-19. The MRI scan of her brain was normal. *Id.* at 21. The MRI of her spine revealed degeneration due to arthritis, which Dr. Shymansky conceded could be the cause of her neck pain. *Id.* at 65. A member of Dr. Shymansky's office administered an EMG, an electrical test that looks for nerve damage, and the results were normal. *Id.* at 19. Dr. Shymansky testified unequivocally that although he diagnosed Ms. Ricciuti with a mild grade I concussion, his diagnosis was based solely on Ms. Ricciuti's reports and that there was no objective evidence to support this

diagnosis. *Id.* at 62-63. As the injuries at issue were based solely on Ms. Ricciuti's subjective claims,[2] the jury was within its province to disbelieve them and, consequently, award Appellants nothing. *Van Kirk*, 857 A.2d at 186.

Appellants argue that "this case is most appropriately governed by *Neison* [*v. Hines*, 653 A.2d 634 (Pa. 1995)][.]" Appellants' Brief at 12. *Neison* also involved a motor vehicle accident and a trial in which the defendant conceded liability and the only matter at issue was damages. The jury returned a zero verdict. Finding that the verdict shocked its sense of justice, the trial court granted the plaintiff's motion for a new trial and the Supreme Court upheld the trial court's ruling. In that case, unlike in the present case, there was objective medical evidence that the plaintiff suffered soft tissue injuries from the accident. *Neison*, 653 A.2d at 637-39. In making their argument, Appellants focus on the similarity of the type of accident and injuries claimed and posit that Ms. Ricciuti's injury must be compensable. *See* Appellants' Brief at 13-14. Under our law, this focus is misplaced. Every accident is unique, and, as stated above, every pain is not

---

[2] We note that the Estate's expert agreed that there was no objective evidence of injury in any of the tests and procedures that were administered by him or any of the other physicians. N.T., 1/27/14, at 10-11, 16-17, 20-21. He concluded, based only on Ms. Ricciuti's subjective reports, that she sustained a mild concussion in the accident, but that she was fully recovered when he examined her. *Id.* at 21-22.

compensable. ***Van Kirk*** 857 A.2d at 186. The proper focus in evaluating a low verdict case is not on the cause of injury, but the evidence of injury.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015