**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4828
_____

MARIE ARNEZ; ALEX ARNEZ, W/H,
                                        Appellants

v.

THE TJX COMPANIES, INC.;
MARMAXX OPERATING CORP.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-13-cv-02548)
District Judge: Honorable Edward G. Smith
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 3, 2015
_____

Before: MCKEE, *Chief Judge*, JORDAN, and VANASKIE, *Circuit Judges*

(Filed March 15, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

VANASKIE, *Circuit Judge.*

Appellants Marie and Alex Arnez[1] appeal from the District Court's Order denying their Motion for a New Trial on the issue of damages for alleged injuries sustained as a result of a trip-and-fall incident. They present two issues for our consideration. First, they contend that the jury's verdict was inadequate and its failure to award pain and suffering damages was against the weight of the evidence, requiring a new trial. Second, they contend that the District Court erred in admitting the testimony of a defense biomechanics expert. For the reasons discussed below, we will affirm and will tax costs against Appellants.

## I.

On January 8, 2011, while shopping in a Marshalls department store in Bethlehem, Pennsylvania that was owned and operated by Appellees, The TJX Companies, Inc. and Marmaxx Operating Corp., Marie Arnez tripped and fell over an empty flatbed cart. She reported the injury to a store manager, but walked out of the store without assistance and without requesting medical treatment. Although purporting to suffer a multitude of injuries as a result of the fall, including injuries to her neck, both hands, wrists and shoulders, her right knee and right ankle, and her low and mid back, Marie did not seek any treatment until more than a week later, when she went to a chiropractor on January 19, 2011. Thereafter, Marie treated regularly with the chiropractor and had various other instances of medical care that she asserted were due to the injuries sustained in her fall.

---

[1] For clarity, we will refer to the Appellants by their first names.

For her back, she obtained medical imaging studies and ultimately had injections. For carpal tunnel syndrome and other hand symptoms, she obtained electrodiagnostic studies and eventually had a surgical release. She also claimed psychiatric injuries, for which she underwent psychiatric evaluations and therapy.

Appellants filed suit against Appellees in the Court of Common Pleas of Philadelphia County, Pennsylvania seeking all economic and non-economic damages associated with Marie's injuries from the trip-and-fall incident, including a loss of consortium claim for Marie's husband, Alex. Appellees removed the suit to federal court on the basis of diversity jurisdiction. Prior to trial, Appellants filed a motion *in limine* to exclude certain portions of the testimony and report of Appellees' biomechanics expert, Kirk L. Thibault, Ph.D., under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The District Court denied the motion after a lengthy hearing.

During the trial, Appellees conceded that the flatbed cart was a trip hazard that they should have removed prior to the incident, but contended that Marie was also comparatively negligent in failing to see and avoid tripping on the cart. Appellees also presented several experts, including a neuroradiologist,[2] an orthopedic surgeon

---

[2] The neuroradiologist, Dr. Michael L. Brooks, testified that after reviewing imaging studies of Marie's back from 2011 through 2013, he did not find any condition that he attributed to the fall at Marshalls and only saw long-standing wear and tear changes in her spine.

3

specializing in hand surgery,[3] a neurologist,[4] a forensic psychiatrist,[5] and the biomechanical engineer, Thibault, to testify as to Marie's medical condition as a result of the fall. The experts provided substantial testimony suggesting that Marie's symptoms were not caused by the accident and were likely embellished or a result of malingering. Most at issue in this appeal was the testimony of the biomechanical expert, who testified that the forces in Marie's fall could not have caused a disc herniation in her neck and back. The parties stipulated that if Marie's doctors testified at trial, they would testify that the amount of claimed past medical expenses is $45,000 and that the amount is fair and reasonable.

During jury deliberations, the jury asked the District Court whether it had to award Appellants the entire stipulated amount of medical expenses, to which the District Court responded in the negative. Thereafter, the jury found that Appellees and Marie were both 50% at fault and awarded $5,000 in medical expenses. The jury declined to award Marie any money for pain and suffering, embarrassment and humiliation, loss of enjoyment of

---

[3] The orthopedic surgeon, Dr. William H. Kirkpatrick, testified that Marie's carpal tunnel syndrome and Raynaud's syndrome were unrelated to the fall at Marshalls.

[4] The neurologist, Dr. Frederick Weinblatt, found that there was evidence that Marie was embellishing her complaints and that "at most" she sustained a "self-limited strain syndrome" from the fall that would resolve in "at most a year." App. 1298.

[5] The forensic psychiatrist, Dr. Barbara Ziv, testified after examining Marie that Marie did not suffer any significant psychiatric injury because of her fall at Marshalls and that she "makes up symptoms when it suits her." App. 1137. Dr. Ziv provided several specific examples of inconsistencies she found in Marie's story regarding her symptoms and noted that she diagnosed Marie with malingering and that "the hallmark of malingering is inconsistency." App. 1128.

life, and disfigurement.  The jury also declined to award Alex Arnez any money for loss of consortium.  The District Court then entered judgment for Appellants in the amount of $2,500.

Appellants filed a timely motion for a new trial on damages on the bases that: (1) the jury verdict was against the weight of the evidence, and (2) Appellees' biomechanical expert was improperly permitted to testify as to his biomechanical analysis and areas of medical opinion testimony beyond his qualifications, and that his testimony prejudiced their case.  On December 18, 2014, the District Court denied the motion for a new trial. The District Court noted that the evidence submitted provides

> a reasonable basis to believe that the jury simply did not believe that [Marie] suffered any pain and suffering.  And even if the jury had believed that [Marie] suffered physical injury, it still was free to conclude that the injury was "not severe enough to warrant an award of damages."

App. 0003 (citations omitted).  The District Court also found that admitting Dr. Thibault's testimony was not error and that, even if it was, Appellants could not demonstrate prejudice because of the other evidence admitted.  Appellants appeal that ruling.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332.  We have appellate jurisdiction under 28 U.S.C. § 1291.  This Court reviews a District Court's denial of a motion for a new trial under an abuse of discretion standard.  *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 435 (1996).  A new trial may be granted because the

5

verdict is against the weight of the evidence if "the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991). A new trial may also be granted within the court's discretion if "the court committed a significant error of law to the prejudice of the moving party." *Maylie v. Nat'l R.R. Passenger Corp.*, 791 F. Supp. 477, 480 (E.D. Pa. 1992) (citations omitted).

III.

The two main issues in this appeal are whether the District Court abused its discretion in denying Appellants' request for a new trial on the issue of damages because: (1) the jury's verdict that awarded $5,000 for medical costs but nothing for pain and suffering was against the weight of the evidence, and (2) the biomechanical engineer's testimony was improperly admitted and caused prejudice to Appellants' case. We address each contention in turn.

A.

The Pennsylvania Supreme Court has specifically declined to adopt a "*per se* rule" requiring an award for pain and suffering when medical bills are awarded. *Davis v. Mullen*, 773 A.2d 764, 769 (Pa. 2001). Instead, under Pennsylvania law, a jury's award of medical expenses without pain and suffering will not be disturbed when "the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered

6

any pain and suffering, or (2) that a preexisting condition or injury was the sole cause of the alleged pain and suffering." *Id*. at 767.

"[T]he existence of compensable pain" is a credibility issue and "juries must believe that plaintiffs suffered pain before they compensate for that pain." *Id*. at 769; *see also*, *Majczyk v. Oesch*, 789 A.2d 717, 726 (Pa. Super. 2001) ("[T]he determination of what is a compensable injury is uniquely within the purview of the jury.") (citations omitted). There are some injuries a jury may not be free to disregard. *See, e.g., Casselli v. Powlen*, 937 A.2d 1137 (Pa. Super. 2007) (finding that it was against the weight of the evidence and warranted a new trial where the jury awarded medical expenses but nothing for pain and suffering for a broken bone in the plaintiff's foot); *Womack v. Crowley*, 877 A.2d 1279 (Pa. Super. 2005) (finding that it was not an abuse of discretion for the trial court to grant a new trial limited to damages when the jury awarded damages for medical expenses but nothing for pain and suffering for a torn meniscus in the plaintiff's left knee that required surgery); *Marsh v. Hanley*, 856 A.2d 138 (Pa. Super. 2004) (finding that it was against the weight of the evidence and warranted a new trial where a jury awarded lost wages but nothing for pain and suffering for soft tissue injuries that required the plaintiff to miss a substantial amount of time from work). Although there are such injuries "to which human experience teaches there is accompanying pain," a jury is "not obliged to believe that every injury causes pain or the pain alleged." *Boggavarapu v. Ponist*, 542 A.2d 516, 518 (Pa. 1988) (citations omitted). A jury may determine that some pain is a "transient rub of life for which compensation is not warranted," *Majczyk*,

789 A.2d at 726 (citations omitted), or that "not *every* injury [is] serious enough to warrant compensation, although there may be some pain attached," *Van Kirk v. O'Toole*, 857 A.2d 183, 186 (Pa. Super. 2004) (citations omitted).

In the case at hand, it is undisputed that Marie did not receive medical treatment until more than a week after the accident and, even then, only received treatment from a chiropractor for a number of months. Although Appellees conceded that Marie had contusions or sprains that would resolve in "at most" a year, Appellees submitted evidence from multiple experts that called into question the existence and severity of Marie's symptoms as well as whether her medical conditions, such as her carpal tunnel syndrome, were causally related to the accident. After reviewing the evidence, the jury awarded only $5,000 in medical expenses, far less than the $45,000 claimed by the Appellants. It is evident that the jury doubted Marie's credibility as to the extent or causation of her injuries, and the rejection of her testimony affords a reasonable basis for denying any award for pain and suffering or for loss of consortium.

Based on the evidence submitted at trial, the jury was free to award Appellants some or all of what they were asking for or nothing at all. An award of some medical expenses and nothing for pain and suffering for the types of injuries that Marie purported to suffer is consistent with a jury finding that any injuries resulting from the accident were a "transient rub of life for which compensation is not warranted." *Majczyk*, 789 A.2d at 726 (citations omitted). The District Court found that the jury's award was not against the weight of the evidence and failed to "shock[] [its] conscience" or "result[] in a

8

miscarriage of justice." *Williamson*, 926 F.2d at 1353. The jury had a reasonable basis for finding that Marie did not suffer any compensable pain, and the District Court did not abuse its discretion in denying a new trial on the issue of damages.

B.

Regardless of whether or not Thibault's testimony was properly admitted,[6] Appellants failed to show that they were prejudiced by his testimony. Appellants argue that Thibault's testimony prejudiced their case because: (1) the jury "likely relied on Thibault's unreliable testimony to resolve the conflicting medical testimony regarding whether [Marie] suffered spinal disc injuries" because of the forces at play in Marie's fall, and (2) Thibault's "unqualified commentary on the medical evidence" likely "tipped the scales in [Appellees'] favor, as the jury had to weigh conflicting medical testimony as to whether [Marie] had suffered acute disc injuries." Br. of Appellants at 43–45.

Nonetheless, Appellants themselves noted that "[t]here was no indication that testimony of a biomechanics expert was necessary or helpful" in regard to the medical evidence and that "Thibault even acknowledges that his testimony is somewhat redundant given the available medical expert testimony." *Id*. at 44. The jury watched a video of Marie's fall, directly showing them the forces at play in the fall, and heard the testimony of several medical doctors relating to the cause and extent of Marie's injuries. Based on the volume of evidence the jury had to consider, the jury's award showing that it credited

---

[6] Although we need not reach the merits of this argument, we doubt that the District Court abused its discretion in its application of Rule 702 and *Daubert*.

9

at least some of Marie's medical expenses, and Appellants' inability to point to anything on the record suggesting that Thibault's testimony prejudiced them, we find that the District Court's holding that Appellants failed to meet the burden of showing that Thibault's testimony prejudiced their case was not an abuse of discretion.

## IV.

For the foregoing reasons, we will affirm the District Court's Order of December 18, 2014.